## Ex Parte ANDREWS & WIFE.

1. When a prisoner is committed for an assault with intent to kill and murder, and it is shown that the person wounded is in danger of dying before the expiration of a year and a day from the time the wound was inflicted, the prisoner is not entitled to bail, as a matter of right, because no indictment has been found against him although two terms of the court at which he might have been indicted have elapsed since his commitment, unless it is also shown that he would be entitled to bail if death should ensue within the year and day.

APPLICATION for the writs of *Habeas Corpus* and *Certiorari*, to obtain the discharge of the petitioners from imprisonment, bail having been refused them by the Hon. Alex. McKinstry, Judge of the City Court of Mobile.

PHILLIPS, for petitioners :

The rule of the common law is "that no person shall be adjudged by any act whatever to kill another, who does not die thereof within a year and a day after the stroke received."—1 Russel on Crimes, 428. The ruling of the court below is, that the party charged with giving the blow may be detained in prison until the expiration of the year and day, and that there is no statute making it compulsory on the State, until the completion of that period, either to indict or try him, or to discharge him on bail.

It is provided by the sixth section of the act of 1807, that "if any person shall be committed for treason or felony, and shall

not be indicted and tried at the next term of the court," &c., he was entitled to bail on the last day of the term; and if not indicted and tried at the second stated term, he was to be discharged from imprisonment, except in certain specified cases. This section is almost a literal transcript of the *habeas corpus* act.—31 Car. II, C. 2, f 7. If this act is still in force the petitioners certainly are entitled to bail. The offence for which they were committed is a felony, (Hughes v. State, 12 Ala. 458,) and two terms have passed since their commitment without an indictment being found against them.

The act of 1827 was passed to amend that of 1807, and does amend it in one particular, and that is to require bail on failure to indict and try at the second term.—Aikin's Dig. 348. The only difference in the wording of the two acts is, that the latter uses the expression "and shall not be tried," instead of "indicted and tried," as in the former act. The provision in the Penal Code is, (Clay's Dig. 444, § 40,) that "no person shall be admitted to bail as a matter of right, when he is not tried at the first term," &c. The terms of statutes are operative, except wherein they have been repealed, and if the word "indicted" gives a protection to personal liberty, which the word "tried," standing alone, would not give, then the statute of 1807 is in full force as to that word.—Kinney v. Mallory, 3 Ala. 626; ex parte Simonton, 9 Por. 391.

Independently of these provisions the petitioners are entitled to bail. The *habeas corpus* act of 1807 declares, that "any person detained in prison for any criminal or supposed criminal offence, unless for treason or felony punishable with death, the species whereof is plainly and fully set forth in the warrant of commitment," may be admitted to bail.—Aikin's Dig. 347. Our Bill of Rights thus secures the same privilege :: " All persons shall, before conviction, be bailable by sufficient securities, except for capital offences, where the proof is evident and the presumption great." The offence for which the petitioners were committed is clearly bailable under all of these provisions.

The prisoners were detained by the court below on the ground that these statutes all related to complete offences, that the offence in this case would not be complete until the death of the party wounded, and that his mere order to the sheriff to detain them in custody, would be good, if not extended beyond " a year

and a day." The authorities referred to for this position are 1 Strange 547, and 15 Mass. 276. The first of these cases was probably decided under the statute against stabbing.—1 Jac. 1, C 8, cited in 3 Chitty 347.

In the second case, it appears that the grand jury presented the fact. Whether this was done under some rule or special statute of Massachusetts, I have not been able to determine. The reference to Hale by the reporter shows that the decision rests on an English statute, and the statute itself seems to have been made for the government of sheriffs and bailiffs.—2 Hale's Pleas of the Crown, 132.

No counsel, contra.

CHILTON, J.—The petitioners apply to this court for the writ of *habeas corpus* and *certiorari* to bring up the proceedings had before the Judge of the City Court on their application before him on a similar writ, he having refused to admit them to bail. By the consent of the solicitor the issue of the writs is waived, and the record accompanying the petition is considered as duly returned.

It appears from the record that Abram Andrews was committed for an assault with intent to commit murder on one James A. Donalson, on the 27th March, 1851, and his wife Margaret on the 28th of the same month, as an accessory before the fact. Since their commitment, two terms of the City Court have elapsed, and no indictment has been found against them. And the reason why the judge refuses them bail is, that Donalson is shown by the proof of a surgeon to be in such condition, from the wound inflicted by the prisoner, Andrews, that in the opinion of the surgeon, he will die before the next term of the court, which will be within a year and a day from the time the wound was inflicted; and we are left to infer from the record that the party is detained in custody, and not indicted for the minor offence, in order that should death ensue, the solicitor may prefer an indictment for murder.

The bail is claimed as matter of right from the facts above stated; and for the purposes of this investigation we will assume that if Donalson should die, the facts would be such as to bring the case within the constitutional exception as to capital offences, " where the proof is evident and the presumption great;" for,

Ex parte Andrews & Wife.

If the facts do not bring the case within such exception, the prisoners would be entitled to bail, to appear and answer for the murder, should the party die.

We have carefully examined the able argument submitted in writing by the counsel for the prisoners, but have been unable to persuade ourselves that the statutes contemplate, that parties situated as the record and proof show these are, are entitled to be indicted and tried, before it is ascertained whether the capital felony will be consummated by the death of the wounded person. The statutes make no provision for cases of this kind, and we are thrown upon the constitutional provision and the common law governing such cases. It is very certain, we think, that the act of 1807, which authorized the discharge of the accused, if not indicted at the second stated term, was never intended to embrace a case like the present. True, the parties are charged with what the statute makes a felony, but the court is advised that the party wounded will die before the next court, in which event, as we have said, we must assume as the predicate for this opinion, that a more aggravated felony, a capital offence, will have developed itself. It cannot be true that the Legislature designed to compel the State to try the offender for the minor offence, and thus exonerate him from liability for the greater, or on default of indicting him for two successive courts, entirely to discharge him. Neither do the acts of 1827, nor the provision in the Penal Code, (Clay's Dig. 444, § 40,) embrace the case or confer any right to bail; they refer to trials and commitments for offences which have been consummated. Here the party could not be indicted, for the offence, though it may be morally certain that it will be completed by the death of the party wounded, has not yet been consummated. We have been referred to no case, where, under such circumstances, the State has been compelled to indict, or where the prisoner has been discharged for a failure to try until after the time has elapsed within which, if the wounded person die, the law would adjudge it murder.

It is laid down by the Supreme Court of Massachusetts, in The Commonwealth v. Caleb Trask, (15 Mass. 277,) "that where one is imprisoned for dangerously wounding another, so that his life is in danger, he is to be kept in prison without bail, until it shall probably appear that the danger is over." And the court predicate their opinion upon what Lord Hale observes in his,

38

Pleas of the Crown, (vol. 2, p. 134,) who says : "If A danger-ously wound B, he may be imprisoned till it be known whether the party will die or live, and regularly is not to be bailed, till it probably appear that the danger is over."

Our opinion is, that if the facts of the case made by the pris-oners are such as entitle them to trial as matter of right un-der the constitutional provision; in other words, if they are such that in the event of the death of the party wounded, they would be entitled to bail, they ought not to be denied bail, because the party injured still survives. But unless they can bring their case within this category, as there is no statute which requires the court to bail them, and the purposes of justice, in the event that a capital felony will shortly be consummated, can only be carried out by securing the prisoners to answer for the offence ; they must remain in prison until it may be seen whether the wounded party will live or die.

Let the motion be denied.