## BRYAN *vs.* THE STATE.

[ INDICTMENT FOR SELLING LIQUOR TO A MINOR. ]

1. *Indictment for statutory offense unknown to common law; what must contain.*—Where a statute creates a new offense unknown to the common law, and describes its ingredients, an indictment under it must conform, substantially at least, to the description thus given.

2. *Same; when defective.*—An indictment in such a case, that pursues the form given in the appendix of the Revised Code, will not be sufficient if the form is materially defective in its description of the offense.

3. *Same; indictment under* § 3619 *of Code, form for, in what deficient.*—The form in the appendix for an indictment under § 3619 of the Revised Code, is insufficient and defective in omitting the words *master* and *legal,* contained in said section, and used to denote and describe the persons whose consent will authorize the sale, &c., of vinous or spirituous liquors to a minor.

APPEAL from Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

The point decided is sufficiently stated in the opinion.

J. N. ARRINGTON, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

[ The briefs did not come into the Reporter's hands.]

PEJK, C. J.—The appellant was indicted in the circuit court of Bullock county under section 3619 of the Revised Code. The offense described in this section is purely a statutory offense. The section names the persons by whom it can be committed, and also states particularly what is necessary to constitute the offense. It provides that "any person who keeps fermented, vinous, or spirituous liquors for sale, whether a licensed retailer or not, and who sells, gives, or delivers any such liquors to any minor, apprentice, student or pupil of any school, academy, or college, or to any person for the use of any minor, apprentice, student or pupil, knowing the use for which it was intended, without the consent of the parent, guardian, master, or other person having the legal charge of such minor, apprentice, student or pupil, must, on conviction, be fined not less than fifty dollars; and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."

The indictment in this case is in the following words:

"The State of Alabama,     Circuit Court,
      Bullock county.     Spring Term, 1871.

The grand jury of said county charge, that before the finding of this indictment, Luther Bryan, a person keeping vinous or spirituous liquors for sale, unlawfully sold, gave or delivered to one John A. Lowe, a minor, vinous or spirituous liquor, without the consent of the parent, guardian, or the person having the control of the said John A. Lowe, contrary to law, against the peace and dignity of the State of Alabama."

This indictment may be said to be substantially in the form given in the appendix of the Revised Code, but it is not literally so; but without considering whether this literal variance amounts to any thing, we are prepared to hold, that an indictment, under the section above quoted, that strictly pursues the form given, is insufficient, and not a good indictment, because the form itself is insufficient.

Where a statute creates a new offense unknown to the common law, and describes the constituents necessary to constitute the offense, an indictment under the statute must conform to the description thus given.—*Eubanks v.*

*The State*, 17 Ala. 181 ; *Pettibone v. The State*, 19 Ala. 586 ; *Spains & Lewis v. The State*, 21 Ala. 218. That is not done in this case. One of the important and necessary elements of the offense created by the section of the Revised Code referred to, is, that the liquors must be sold, given or delivered to the minor without the consent of the parent, guardian, *master*, or other person having the *legal* charge of such minor. In the indictment, as well as in the form given in the appendix, the word *master*, and also the word *legal*, in reference to the person having the charge of the minor, are omitted. This makes the offense described in the indictment and in the form essentially different from the offense described in the statute. These omissions are not defects of form merely, but of substance. If the word "master" may be omitted, for the same reason the words parent, and guardian, may be omitted also ; and by the omission of the word "legal," in the connection in which it is used, and for the purpose for which it is used in the statute, destroys the character of the charge required to be had of the minor by the person whose consent may justify the accused in selling, giving, or delivering vinous or spirituous liquor to him.

To hold that these, or other words used in the statute as descriptive of the offense, may be omitted in the indictment because they are not in the form given in the appendix, will be to set up the form above the statute. This should not be done. Therefore, an indictment that strictly pursues the form will be insufficient, if the form is defective in matter of substance. This opinion is not in conflict with any of the cases heretofore decided by this court, in which it is held, that an indictment in the form given in the appendix of the Code is sufficient, because, in none of these cases does the form used omit any statement or word required to make out every material ingredient in the description of the offense charged.

For the reasons given, this indictment is defective in matter of substance, and no conviction should be had upon it.

We have examined the bill of exceptions, and do not find in it any clear reversible error ; but we think it not

improper to remark, that in records of this and of like sort, it some times seems to appear that the court has not been careful to keep from the jurors what they may suppose to be its impressions as to the guilt or innocence of the party charged. Jurors are sharp to discover such things, and thereby be misled, either to the prejudice of the State, or the accused.

For the insufficiency of the indictment, the judgment of the court below is reversed, and the cause will be remanded for further proceedings.