# Weed *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

| 55 | 13 |
| 99 | 145 |
| 55 | 13 |
| 123 | 10 |

1. *Sufficiency of indictment.*—An indictment for selling liquor to a minor (Rev. Code, § 3619), which alleges that the sale was made "without the consent of the parent, guardian, or person having the legal charge of the said" minor, is not demurrable, because it omits the word *master* after the word *guardian*, as used in the statute. (Overruling *Bryan v. The State*, 45 Ala. 86.)

2. *Proof of infancy.*—An uncle of the youth to whom the liquor was sold, having known him since infancy, may testify, "judging from his size and appearance when I first saw him, twenty years ago last fall, I can and do say, that he is not, to the best of my belief, twenty-one years of age now;" such testimony is not secondary evidence; nor is it rendered inadmissible, because the parents of the minor, who are shown to reside in the county, are not introduced as witnesses.

3. *Charge to jury as to evil consequences of crime, and authorizing fine to repress it.*—In charging the jury, on a trial under an indictment for selling liquor to a minor, the judge may properly call their attention to the evil consequences resulting to society from that offense, and instruct them that, if they find the defendant guilty, they should impose on him such a fine, not exceeding the statutory limit, as may deter him and others from future violations of the law.

FROM the Circuit Court of Talladega.
Tried before the Hon. GEO. H. CRAIG.

GEO. W. PARSONS, for the defendant.—1. The demurrer to the indictment ought to have been sustained.—*Bryan v. The State*, 45 Ala. 86.

2. The objections to Bell's testimony were well taken. He was allowed to state his opinion, which was very indefinite, and at best but secondary evidence; while the parents of the alleged minor were not introduced, although it was shown that they resided in the county; and Law himself testified as to his own age, "from the family bible at home." The law requires the best evidence of which the case is susceptible.—*Morton v. The State*, 30 Ala. 527; *Scales v. Desha*, 16 Ala. 308; *Glover v. Millings*, 2 S. & P. 28.

3. The charge of the court to the jury reads more like a speech for the prosecution, than a calm statement of the principles of law applicable to the case. It is argumentative, evasive, and calculated to mislead the jury, if it does not invade their province; and it consists largely of statements about matters as to which there was no evidence.— *Cochrane v. Moore*, 1 Ala. 423; *Salomon v. The State*, 28 Ala. 83; 1 Brickell's Digest, 338, § 41. That it did influence the jury greatly to the prejudice of the defendant, is shown by

[Weed v. The State.]

their verdict fining him $500, the limit of the law, when there were no circumstances of aggravation in the case, and they might well have believed, from the evidence, that he acted in good faith, and without any criminal intent.

JNO. W. A. SANFORD, Attorney-General, for the State.— 1. The indictment pursues the statutory form, and must be deemed sufficient.—Rev. Code, § 4141; Form No. 31, p. 811.

2. Questions of pedigree, including births, marriages, deaths, &c., may be proved by hearsay evidence.—1 Greenl. Ev. §§ 103, 104; *Childress v. Cutter,* 16 Missouri, 24–47. The witness Bell stated the facts on which his opinion was founded, and which showed that he was competent to testify as to the age of Law.

3. The exception to the charge of the court is general, and too indefinite.—*Chatteaux v. The State,* 52 Ala. 388; *Jacobson v. The State,* at the present term.

MANNING, J.—Section 3619 of the Revised Code makes it penal to sell, give, or deliver any vinous, fermented, or spirituous liquors, "to any minor, apprentice, student, or pupil," &c., "without the consent of the parent, guardian, *master,* or other person having the legal charge of such minor, apprentice, student, or pupil," &c. The indictment against appellant is, that he "sold, gave, or delivered to one John Law, a minor, vinous, fermented, or spirituous liquors, without the consent of the parent, guardian, or person having the legal charge of the said John Law," &c. And this is exactly according to the form prescribed in the Revised Code of an indictment for this offense, except that the form does not contain the word "legal" before charge. A demurrer to the indictment was overruled; and it is insisted that this was erroneous, because the indictment omitted the word "master," used in the section creating the crime. It is true that, in *Bryan v. The State* (45 Ala. 86), it was held, that the omission of the word "master," and of the word "legal," in the similar indictment in that case for selling spirituous liquors to a minor, made it insufficient, although neither word was contained in the form prescribed by the Code. We cannot adopt that ruling. "Master," in the statute, is introduced in relation to "apprentice," and, perhaps, "student or pupil;" and certainly may not be carried into the indictment, when the offense charged is the sale of the forbidden liquor to a minor. Indeed, since *master,* as used in the section, comes under the general description of a "person having the charge of such   .   .   apprentice, student, or

VOL. LV.

pupil," and is not contained in the form of indictment that has been provided by the legislature for the offense, we are of opinion that the omission of it from the indictment would not vitiate, even if the charge was of a sale of such liquors to one of them. There was no error in overruling the demurrer. The case of *Bryan v. The State* is overruled.

2. There was no objection to the testimony given, probably with reluctance, by the minor Law, that he was not, when he testified, twenty-one years old. The sale of spirits to him, which was the cause of the prosecution, took place two years before that time; so that, in the absence of any evidence to the contrary, the fact of his minority at the time of such sale was established, if the jury did not disbelieve the witness. In reference to the testimony of Bell, the uncle of Law, counsel are in error, in treating it and arguing upon it as secondary, or hearsay evidence. We are not under the necessity of considering whether or not it was admissible on the ground of the well known exception to the general rule, when matters of pedigree are to be proved. Mr. Bell testified that, when he came from South Carolina to Alabama, twenty years and a few months before that time, he found John Law a small infant less than one year old. True, he could not say what his age was exactly, but he did testify: "Judging from his size and appearance when I first saw him, twenty years ago last fall, I can and do say, that he is not, to the best of my belief, twenty-one years of age now." The indictment in the cause was found by the grand jury eighteen months before this testimony was given, and the sale of the liquor was proved to have been made in the spring before. It was shown that Law's parents were still living, and resided in the county, whence it was further supposed that there "was some sort of record of Law's age also within the reach of the court;" and thereupon the testimony of Bell was objected to, as secondary evidence only. But the fact that the parents might be able to prove the date of Law's birth with more exactness than Bell could, does not make his testimony what is called secondary evidence. Although it might not be so satisfactory as theirs, it is of the same nature—original, direct testimony of what he saw of a child that had grown up from a small infant within his view. The objection to the testimony was, therefore, properly overruled.

3. It is not error on the part of a judge, in charging the jury, to call their attention to the consequences to society, and especially to the evil to the youth of the country, of suffering the retailers of spirituous liquors to sell such liquors to them; or to inform the jury that if, upon the evidence,

they find the defendant guilty, they should impose such a fine upon him as would deter him and others from thus violating the law hereafter. This but expresses the object of the law ; and we do not find that, in explaining it to the jury, the bounds were transcended which are necessary to prevent a presiding judge from invading the province of the jury, or doing injustice to a defendant on trial.

Let the judgment of the Circuit Court be affirmed.

