# Block *v*. The State.

*Indictment for Illegal Sale of Spirituous Liquors.*

1. *Misnomer; idem sonans.*—The doctrine of *idem sonans* applies to the two names *Louis* and *Lewis*, and the difference between them is not sufficient to support a plea in abatement for a misnomer.

2. *Selling spirituous liquors in violation of special law; sufficiency of indictment.* Where a special local statute prohibited the sale of spirituous liquors within three miles of "*a Methodist church* in Macon county, known by the name of *White church*," and the indictment charged that the defendant sold such liquors within three miles of "*White church* in Macon county, in violation of a special act," which is set out at length; *held*, that the description of the church was sufficient to identify it, and to show a violation of the statute.

3. *Same.*—An averment, in such indictment, that the defendant "did sell or give away spirituous, vinous or malt liquors, in violation," &c., is sufficient, without any averment as to the quantity so sold or given away.

4. *Same; description of statute.*—In an indictment for the violation of a special statute, it may be described as "an act of the *legislature* of Alabama,"

[Block v. The State.]

although the "*General Assembly*" is the technical designation of the legislative body.

5. *Title and subject-matter of special law, under constitutional provisions.*—A special statute, which prohibits the sale of spirituous liquors within a specified distance from two churches, situated in different counties, is not violative of the constitutional provision (Art. 4, § 2) which declares, "Each law shall contain but one subject."

ERROR to the Circuit Court of Macon.
Tried before the Hon. JAMES E. COBB.

W. C. BREWER, and W. C. McIVER, for plaintiff in error.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The plea of misnomer, interposed by the defendant, was not well taken, and the demurrer to it was properly sustained. The names *Louis* and *Lewis* are, according to their English pronunciation, one and the same. Of this, the courts will take judicial cognizance, and the variance in spelling is immaterial. The doctrine of *idem sonans* clearly applies here.—1 Bish. Cr. Proc. § 793 ; *Sayre v. State*, 30 Ala. 15 ; Clark's Man. Cr. L. § 2191.

The act, under which the indictment in this case was found, was approved March 28, 1873, and is entitled, "An act to prohibit the sale, giving away, or otherwise dealing in spirituous, vinous, or malt liquors, within three miles and a half of *a Methodist church*, situated in Macon county, in township 16, and range 21, *known by the name of the White church ;* and *also* Fish Pond church, Coosa county." The indictment charges, that "Lewis Block did sell or give away spirituous, vinous or malt liquors, within three miles and a half of *White church in Macon county*, in violation of section one of a special act of the legislature of Alabama, approved March 28th, 1873, which is as follows," &c.; the said section of the act being set out in *haec verba* in the indictment.

The Penal Code prescribes, that the "words used in a statute to define an offense need not be strictly pursued in the indictment ; it is sufficient to use other words, conveying the same meaning."—Code of 1876, § 4792. All that can be required, in such a case, is a substantial conformity to the statutory description ; provided the *fact* is averred, the commission or omission of which constitutes the crime. The degree of certainty, or particularity in the description, must be such as to clearly inform the defendant of the offense charged, and enable the court, in the event of conviction, to pronounce the proper judgment.—Code of 1876, §§ 4785, 4792; *Bryan v. State*, 45 Ala. 86 ; 1 Brick. Dig. 500, § 740. Under these rules, the description of the offense charged in

[Dabney v. Mitchell.]

the indictment was legally sufficient. The "White church in Macon county," though not averred to be a *Methodist* church, is clearly shown to be the one described in the act; of which fact the defendant could not be ignorant, after reading the indictment.

The averment that the defendant "did sell or give away spirituous, vinous or malt liquors," &c., without charging that he did so "in any quantity" particularly specified, was sufficient. He could not sell or give away such liquors, without doing so in some appreciable quantity.

The act in question was properly described as an "act of the legislature of Alabama," without alleging its enactment by the "General Assembly," which is merely the technical designation of that body in the State constitution.—Const. 1875, Art. iv., § 2; Code, § 4801.

This law, it is insisted by appellant's counsel, is violative of article iv., section 2, of the constitution of the State, which provides that each law "shall contain but *one subject*, which shall be clearly expressed in its title," &c. The objection can not be sustained. The fact that the prohibition embraces two separate localities avails nothing. The *subject* of the act is single, and relates only to *retailing* spirituous, vinous, or malt liquors. The objection would be just as valid, that the act embraces more than one kind of liquor. This clause of the constitution is not violated by any legislative act having various details properly pertinent and germane to one general subject.—*Woodson v. Murdock*, 22 Wall. 351.

There is no error in the rulings of the Circuit Court, and its judgment is hereby affirmed.