# Hames, Adm'r, *v.* Brownlee.

### *Trespass quare clausum fregit.*

1. *Evidence; provinces of the court and jury.*—While it is the province of the jury to determine the weight and sufficiency of evidence, after it has been introduced, it is always a question for the court to decide, whether there be any evidence on a particular point in a cause; and it is error for the court to submit that question to the jury.

2. *Parol evidence of contents of written instrument; when inadmissible.* When a relevant fact consists of the substance of a document or record, the writing must be produced as the best evidence of its own terms; and until its absence is satisfactorily explained, the fact can not be proved by parol.

APPEAL from Calhoun Circuit Court.

Tried before Hon. LeRoy F. Box.

This was an action of trespass *quare clausum fregit*, brought by W. M. Hames as the administrator of the estate of Sarah A. Cumming, deceased, against Enoch Brownlee and Hugh Brownlee, and was commenced on 21st August, 1873. The gravamen of the complaint is, that the defendant entered upon, and erected a dam across a stream of water flowing through, a designated tract of land belonging to the plaintiff's intestate. The cause was tried on issue joined on the plea of not guilty. It appears from the evidence, as set forth in the bill of exceptions, that the plaintiff's intestate was seized and possessed of the land described in the complaint at the time of her death, and prior thereto as far back as 1845; that about 1845, William Cunningham, under whom the defendants claim, owned a tract of land south of, and adjoining said land; that a creek running in the direction of said land, just before entering the southern portion thereof on the east, separates into two channels, one

[Hames, Adm'r, v. Brownlee.]

running nearly due west across said land, and the other in a south-westerly direction, across the south-east portion thereof, and entering the land formerly owned by Cunningham; and that these two channels afterwards come together, thus forming an island. On the channel south of this island, and on his own land, Cunningham, about the year 1845, erected a mill and dam, and for the purpose of retaining the water in his pond, which extended above the head of the island, he also erected a dam across the channel that runs north of the island. In 1868, the defendants, claiming under Cunningham, tore down the dam on the south channel and erected a new one in the same place; and afterwards they also built a dam on the north channel, but the location of this dam is not given. The evidence was conflicting whether these dams were of the same height as, or higher than, those built by Cunningham. The evidence for the plaintiff tended to show that they were higher, thereby causing damage to the lands of his intestate.

For the purpose of showing Cunningham's right to build the dam across the northern channel, the defendants examined as a witness General Harrison, who testified that about 1845 he was a member of a jury that had been summoned to view the land described in the complaint and decide what amount Cunningham should pay Mrs. Cumming for erecting the dam; that the jury met on the land, agreed on the amount and their finding or verdict was reduced to writing and signed by the jurors. The verdict was not produced and its absence was not accounted for; and the court, on plaintiff's motion, excluded what the witness had said in reference thereto. In response to a question put by the defendants, as to whether Cunningham and Mrs. Cumming made any agreement at the time the verdict was agreed to, by which the former was to have the privilege of building the dam, the witness stated that after the jury had agreed on, reduced to writing, and signed their verdict, they then informed the parties what they had done, and both of them assented to what had been done by the jury. The plaintiff having moved to exclude from the jury this answer of the witness, on the ground that the verdict was not produced, the defendants, before any ruling was made by the court, repeated their question as to any such agreement between the parties at said time and place; and the witness in reply then stated, that "Cunningham and Mrs. Cumming made an agreement at the time and place above stated, by which said Cunningham was to have the privilege of building a dam across the channel of the creek that runs north of the island, for which said Cunningham was to pay Mrs. Cumming fifteen dollars [the amount assessed by the jury]. In answer to a question propounded by the plaintiff's counsel, the witness said that no

[Hames, Adm'r, v. Brownlee.]

agreement was made between said Cunningham and Mrs. Cumming about Cunningham having the privilege of building a dam across the channel of the creek that runs north of the island, save what was contained in the written verdict of the jury, which was read to both Cunningham and Mrs. Cumming, and assented to by them." The plaintiff then renewed his motion to exclude. The defendants insisting that the witness had testified to an agreement between the parties independent of the verdict, the court "excluded from the jury all that the witness had testified was contained in the written findings of the jury, and all that said witness stated on his recollection of the agreement between Cunningham and Mrs. Cumming, when the recollection of the witness was of what was contained in the writing, but left it to the jury to determine, whether the witness had testified to an agreement between Cunningham and Mrs. Cumming, made independently of the writing; and whether he had stated such agreement from his recollection, independently of the writing." To this ruling the plaintiff excepted. The court, *ex mero motu*, charged the jury, in substance, that they must determine for themselves, whether the witness Harrison had testified that "the agreement made between Cunningham and Mrs. Cumming was included in the written verdict of the jury, or whether they made an agreement independent of said verdict, and if so, what their agreement was." To this charge the plaintiff also excepted. Exceptions were reserved to other rulings of the court, but they are not passed on by the court, and hence are omitted from this report. The jury returned a verdict for the defendants, on which judgment was rendered in their favor.

The rulings of the Circuit Court above noted are among the assignments of error made in this court.

JNO. T. HEFLIN, for appellant.—(1) The witness Harrison testified positively that no agreement was made between Cunningham and Mrs. Cumming, about Cunningham having the privilege of building a dam, save what was contained in the written verdict of the jury, which was read to Cunningham and Mrs. Cumming, and assented to by them. After this distinct statement by the witness, that the entire agreement was merged in the written verdict, it was error to allow secondary evidence of the contents of the verdict, without accounting for the absence of the primary evidence.—*Morton v. The State*, 30 Ala. 527. (2) The court erred in referring to the jury the determination of the question, whether the witness Harrison proved an agreement independent of the verdict of the jury. The plain meaning of the witness' testimony is, that the jury made a verdict, which was read to the parties, who assented to

[Hames, Adm'r, v. Brownlee.]

it, and that no other agreement was made between them. The court must decide what goes to the jury as evidence. The question of the admissibility of evidence is one of law to be decided by the court, which can not be referred to the jury. *Bilberry v. Mobley*, 21 Ala. 277; *Barnett v. Stanton*, 2 Ala. 195; *Wilson v. Calvert*, 8 Ala. 757; *Costillo v. Thompson*, 9 Ala. 937; *Pharr v. Bachelor*, 3 Ala. 237.

BRADFORD & BISHOP, *contra.*—(No brief came to the hands of the reporter.)

SOMERVILLE, J.—The court erred, we think, in submitting to the jury the question as to whether or not the witness Harrison had testified to any fact tending to prove an oral or parol agreement between Cunningham and Cumming, independent of the one in writing to which he stated they had given their assent. Whether there be any evidence on a particular point in a cause, is a question for the court always to determine. It is within the province of the jury to determine the weight and sufficiency of such evidence, after being introduced under the eye of the court.—1 Greenl. Ev. § 49; 1 Best. on Ev. § 82; 1 Phil. Ev. p. 5 (10th Ed.).

The verdict of the jury, appointed in the year 1845, to view the land upon which the defendants had constructed the mill-dam in controversy, and to assess the appropriate damages in the *ad quod damnum* proceedings, was proved by the same witness, Harrison, to have been reduced to writing and properly signed by the acting jurors, as was required by the then existing statute.—Clay's Dig. 377, § 5. The acquiesence of Cunningham and Cumming to the terms of this written verdict was attempted to be proved, and the statement of the witness, who was one of the jury of inquest, was explicit to the effect that there was no other agreement between the parties than their *verbal assent to the terms of this verdict.*

The verdict was not produced, nor was any attempt made to account for its absence, so as to lay a predicate for secondary proof of its contents. The court very properly excluded the evidence relating to the verdict and its contents, but submitted to the jury to say, whether the parol assent to the verdict was an independent oral agreement, by which the right was accorded to Cunningham to construct a dam across the channel of the stream upon which his mill was erected.

The rule is, that when a relevant fact consists of the *substance of a document*, or record, the *writing itself* must be produced as the best evidence of its own terms. Until the absence of the document is satisfactorily explained, in the usual and proper mode, the fact can not be proved by parol.

[Folmar v. Folmar.]

1 Whart. Ev. § 61; 1 Brick. Dig. p. 848, §§ 623, *et seq.* §§ 667–678; 1 Greenl. Ev. § 510.

The court erred, therefore, in this ruling to the prejudice of the appellant, and for this error the judgment must be reversed.

It is unnecessary to consider the other rulings of the court, as they were based upon the erroneous view to which we have above alluded, and are not likely to arise again on a second trial.

Reversed and remanded.