# Tatum *v.* The State.

|82  5|
|107 123|

### *Indictment for Murder.*

1. *Competency of juror opposed to capital punishment on circumstantial evidence.*—A person summoned as a juror in a capital case, who states, on his *voir dire*, "that he would not hang a man on circumstantial evidence, but was in favor of penitentiary punishment in such cases" (Code, § 4883), is subject to challenge for cause by the State.

2. *Constitutionality of act of February 17, 1885, "to more effectually secure competent and well qualified jurors in the several counties," as affected by title and subject-matter.*—The act approved February 17th, 1885, entitled "An act to more effectually secure competent and well qualified jurors in the several counties of this State" (Sess. Acts, 1884-5, pp. 181-7), by which, among other provisions, the number of peremptory challenges, in capital cases, is reduced from twenty-one to twelve, is not violative of the constitutional provision (Art. iv, § 2), that "each law shall contain but one subject, which shall be clearly expressed in its title."

3. *Parol evidence as to collateral writing.*—A witness, testifying to a conversation had with the defendant in his field, may state the fact that he had with him a mortgage against the defendant, no attempt being made to prove its contents or substance, the paper being only incidentally referred to, and merely collateral to the issues involved.

FROM the Circuit Court of Monroe.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case, Charley Tatum, was indicted for the murder of James A. Stewart, by shooting him with

a gun; pleaded not guilty, was convicted of murder in the first degree, and sentenced to the penitentiary for life. On the trial, as appears from the bill of exceptions, the name of A. C. Grimes being called as a juror, "he was asked by the solicitor, if he had a fixed opinion against capital or penitentiary punishment; to which he answered, that he had not, but that he would not hang a man on circumstantial evidence, but was in favor of penitentiary punishment in such cases." The juror was thereupon challenged for cause by the State, and the challenge was allowed by the court, against the objection and exception of the defendant. After the defendant had peremptorily challenged twelve persons as jurors, and after eleven jurors had been accepted, the name of one Lambert was called, and he was peremptorily challenged by the defendant. The court refused to allow the challenge, holding that the defendant had already exhausted his challenges; and to this ruling the defendant excepted.

The deceased was shot and instantly killed, about eight o'clock on the evening of 9th November, 1885, while sitting in his store, in company with C. W. McClure and Jere McGlinn. The evidence against the defendant, who lived nearly a mile from the store, was entirely circumstantial, and consisted principally of declarations made by him against the deceased, whom he accused of having cheated him, and threats to kill him, if the deceased attempted to take a bale of cotton, which the deceased claimed under a mortgage executed to him by the defendant, while the defendant insisted that it belonged to his wife. Said McClure, who was the first witness examined by the State, "testified that, on the afternoon of November 9th, 1885, he went to the defendant's field, with a mortgage due said Stewart. The defendant objected to anything being said about a mortgage, unless the mortgage was produced, or its loss shown; which objection the court sustained, but permitted the witness to state, against the defendant's objection, that he went to the defendant's field with a paper; to which ruling the defendant excepted." The witness then detailed the conversation which ensued between him and the defendant, relative to the debt to Stewart and the cotton liable for it; in which the defendant, referring to a bale of cotton at "Burnt Corn," said that it belonged to his wife, and "that he would see Stewart in hell, and die and go there himself, before he should have that bale of cotton." The witness promised to see Stewart, and return and let the defendant know what he said about waiting for the cotton; but, after seeing Stewart, he went to "Burnt Corn," and

took possession of the bale of cotton, returning then to Stewart's store, where they were sitting when Stewart was killed. The witness further testified that, after the killing, there was a large gathering of the people of the neighborhood at the store, both that night and also the next morning; and he was then asked by the solicitor, "Was the defendant there?" The defendant objected to this question, "on the ground that it was not material, and because it did not appear that the defendant had heard of the killing;" and he duly excepted to the overruling of his objections, and also to the answer of the witness—"that the defendant was not present, and that nearly every body in the neighborhood was there except the defendant."

WATTS & SON, PILLANS, TORREY & HANAW, and D. L. NEVILLE, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—1. The juror Grimes was properly held to be incompetent, and the subject of challenge under the provisions of section 4883 of the present Code of 1876. The precise question, in legal effect, was settled in *Jackson v. State*, 74 Ala. 26, and again in *Garrett v. State*, 76 Ala. 18.

2. The jury in the present cause was organized under the act approved February 17, 1885 (Acts Ala. 1884-85, pp. 181–187), which is applicable to the county of Monroe. Under the provisions of this law (§ 10, p. 186), a defendant in a capital case is entitled to only twelve peremptory challenges, instead of twenty-one as under section 4879 of the present Code, 1876. In our opinion, there is nothing in the suggestion that the act is violative of Art. 4, § 2 of the present constitution of Alabama, which provides that "each law shall contain but one subject, which shall be clearly expressed in its title." The act is entitled "An act to more effectually secure competent and well qualified jurors in the several counties of this State," with the exception of certain named counties. There is obviously but one subject —the securing, by a better mode of organization, of competent and well qualified jurors. Nor is there any obscurity, or want of clearness whatever, in the words by which it is sought to be expressed in the title.

The proper organization of petit juries necessarily embraces the subject of challenges, whether peremptory or for cause. The latter subject is naturally suggested by that expressed in the title of the present act, being but one of the usual details of such organizations. As said in

*Block v. State*, 66 Ala. 493, the clause of the constitution under consideration "is not violated by any legislative act having various details properly pertinent and germane to one general subject." The cases bearing on this subject are cited and fully reviewed in *Ballentyne v. Wickersham*, 75 Ala. 533, and are opposed to the contention of appellant. The Circuit Court did not err in limiting the appellant to twelve peremptory challenges.

3. It was unnecessary to produce the mortgage which the witness McClure incidentally referred to in his testimony. No attempt was made to prove its contents, or substance, the paper being merely collateral to the questions in issue. Nor was any one seeking to claim any right, title, or interest, under the provisions of the instrument, the reference to its existence being merely incidental.—1 Greenl. Ev. § 89; *Askew v. Steiner*, 76 Ala. 218; *Hames v. Brownlee*, 71 Ala. 132.

The other exception is without merit, and is not insisted on by counsel.

We find no error in the record, and the judgment is affirmed.