[Crim. No. 332.   Department Two.—January 18, 1898.]

## THE PEOPLE, Respondent, v. CHARLES SLATER, Appellant.

CRIMINAL LAW—ABDUCTION OF FEMALE MINOR FOR PROSTITUTION—JURY—CHALLENGE TO PANEL—SHERIFF AS WITNESS FOR PROSECUTION.—Upon the trial of a defendant accused of having taken a female under the age of eighteen years away from her father without his consent, for the purposes of prostitution, it is not ground for challenge to the panel of the trial jury that the sheriff who served the venire was examined as a witness for the people upon the preliminary examination of the defendant, where the sheriff testified that he had no bias against the prisoner.

ID.—HOUSE OF ILL FAME—MODIFICATION OF INSTRUCTION.—An instruction requested by the defendant as follows: "If you find from the evidence that the house where the defendant took the girl is only a house where one woman lives, then I charge you that such a house is not a house of ill-fame," is properly modified by adding the words, "unless it is used for the purposes of prostitution."

ID.—INSTRUCTION AS TO PURPOSE OF STATUTE.— An instruction containing a brief statement of the purpose or intention of the statute, and that it was "for the protection of females under a certain age," though unnecessary, is not materially objectionable, where the jury were elsewhere distinctly told that it applied to "females under the age of eighteen years."

ID.—ILLUSTRATIVE INSTRUCTIONS—ASSUMPTION OF FACTS—HARMLESS ERROR—Instructions containing statements of inferences or conclusions of fact, from other facts stated or assumed to exist, should not be given, but where it appears that such instructions were merely intended as illustrations, and not as facts proved in the case, and are followed by a proper and specific instruction clearly submitting all the essential facts in the case to the jury, so that they could not be misled by the illustrative instruction, any error in giving them is without prejudice to the defendant.

ID.—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY—CHARACTER OF HOUSE—
INTENTION OF MARRIAGE.—Where the character of the house to which the
girl was taken by the defendant was clearly established, and there
is ground for the conclusion that he took her away for the purpose
of prostitution, notwithstanding the testimony of the defendant that
he intended to marry her "as soon as he got money enough," the
question involved is one of fact for the jury to determine from the
whole evidence, and their verdict of guilty will not be disturbed
for insufficiency of the evidence to show that the defendant intended
to use the girl as a prostitute.

ID.—EVIDENCE—PROOF OF AGE—FAMILY BIBLE—EXPLANATORY EVIDENCE—
QUESTION FOR JURY.—A family Bible is admissible in evidence upon the
question of the age of a child; and where the condition of the entry
of birth requires explanation, the entry and explanation are prop-
erly submitted to the jury, and will not be considered upon appeal,
especially where the positive testimony of the parents as to the age
of the child is sufficient independently of the family record.

APPEAL from a judgment of the Superior Court of Del
Norte County. James E. Murphy, Judge.

The facts are stated in the opinion.

E. McNamara, and Walter F. Jones, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy
Attorney General, for Respondent.

HAYNES, C.—The defendant was tried upon an information
for taking away from her father a female under the age of eigh-
teen years, without his consent, for the purposes of prostitution.
He was convicted, and sentenced to imprisonment at San Quen-
tin for two years and six months, and to pay a fine of one thou-
sand dollars, and he now appeals from said judgment and from
an order denying a new trial.

1. A venire was issued for thirty jurors, and it was served
by the sheriff. The defendant challenged the panel upon the
ground that the sheriff was examined as a witness on behalf of the
people upon the preliminary examination of the defendant.

This challenge was properly denied. The sheriff testified
that he had no bias whatever against the prisoner, and therefore
the challenge was not good under subdivision 2 of section 1072
of the Penal Code, nor was there any implied bias within the pro-
visions of section 1074 of the same code. Section 302, sub-

division 4, of the Code of Civil Procedure has no application, the only grounds for such challenge in criminal cases being specified in above-named sections of the Penal Code. Section 1046 of the Penal Code refers to the "manner" in which juries in criminal cases are formed, and not to the qualifications of the officer serving the venire.

2. It is contended that the court erred in amending the fourth instruction requested by the defendant.

The instruction, as requested, is as follows: "If you find from the evidence that the house where the defendant took the girl is only a house where one woman lives, then I charge you that such a house is not a house of ill-fame." The court added, "unless it is used for the purposes of prostitution." The amendment was pertinent and proper. A house kept by one woman may be entirely respectable and the woman virtuous; but one woman may be unchaste and may keep a house of ill-fame to which others resort for purposes of prostitution.

3. Appellant contends that the court erred in giving the second, third, and fourth instructions to the jury.

The fourth instruction was a brief statement of the purpose or intention of the statute, and we see no material objection to it, though it was unnecessary; the question being whether the defendant had violated its provisions.

The second and third instructions, given at the request of the district attorney, are statements of inferences or conclusions of fact from other facts stated and assumed to exist, though not purporting to be the facts of this case. The said second instruction is as follows:

"When a girl is taken from her father's roof and conducted to a house of prostitution, the fair and reasonable inference is, that she is taken there for the purposes of prostitution." The third of said instructions is similar, and need not be quoted. These instructions should have been omitted; though taken in connection with the fifth instruction, it is apparent they were intended merely as illustrations, and not as facts proved in the case. Said fifth instruction is as follows: "Therefore, if you find that the female, Myrtle Brock, was on the sixth day of June, 1897, under the age of eighteen years, and that the defendant,

Charles Slater, on that day took the said Myrtle Brock from her father, without his consent, for the purpose of prostitution, it is your duty to find him guilty as charged."

As abstract propositions the second and third instructions were correct; and, if they had not been followed by the fifth, might have been misinterpreted as intimations of the court's opinion upon questions of fact. The fifth, however, plainly showed they were mere illustrations, and clearly submitted the essential facts to the jury. We think the jury were not misled, and that the defendant was not prejudiced.

The special objection made to the fourth instruction is "that in effect the jury were told the age of the girl was not to be considered." In that instruction, in speaking of the intention of the statute, it was said it was "for the protection of females under a certain age"; but in the first and fifth instructions it was distinctly stated that it applied to "females under the age of eighteen years."

4. Appellant also contends that the evidence does not support the verdict; that "there is no evidence in the record that goes to prove that the defendant ever intended to use the girl as a prostitute."

It is scarcely necessary to notice this contention. The question involved in it is one of fact for the jury to determine from a consideration of the whole of the evidence. The character of the house to which the girl was taken by the defendant was clearly established. No ill-treatment or other reason appeared to suggest any ground for removing her from her parents' home. If the defendant intended to marry her "as soon as he got money enough," he should have left her at home with her parents. But that reason will not bear investigation. In taking her away he assumed her support, and he could as well have supported her as his wife; and if he intended to make her his wife he would not have voluntarily pursued a course which would inevitably result in destroying her reputation. Without pursuing the subject further, it is evident there was ample grounds for the conclusion that he took her away for the purpose charged.

5. The family Bible was properly admitted in evidence. The condition of the entry of the girl's birth required explanation, and the entry and explanation were properly submitted to the

jury.    Besides, the positive testimony of her father and mother as to her age were quite sufficient without the family record contained in the Bible.

No other questions are noticed by counsel for appellant, nor do we find any others in the record requiring notice.

The judgment and order appealed from should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., Temple, J., McFarland, J.