ROBERT BYNUM, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Motions for continuance in criminal cases because of the absence of an alleged material witness are to be closely scanned, and where the affidavit in support of such a motion fails to show proper diligence in attempting to procure the presence of the witness and does not allege the witness to be absent without the consent of the accused, the action of the trial court in denying such motion will not be reversed.

2. The father of one whose age is a material fact in a criminal prosecution, who knows her age independently of any record

thereof, may be permitted to testify to her age, even though he had written the date in the family Bible, which is not produced in evidence.

3. Objections to charges, not taken at the time the charges were given, nor embraced in the motion for a new trial will not be considered.

4. In the absence of a request for a proper instruction defining the phrase reasonable doubt, the failure of the court to define these words is not error.

5. Evidence examined and found sufficient to support the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*M. M. Scarborough, Jr.,* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CockRELL, J.—The plaintiff in error was convicted of having carnal intercourse with an unmarried female under the age of sixteen. The offense was alleged to have been committed on the twenty-eighth day of April, 1901.

The first assignment of error is based upon the overruling of the defendant's motion for a continuance. In support of the motion the defendant filed an affidavit alleging the absence of a material witness by whom he expected to prove that the prosecuting witness had made contradictory statements. This affidavit does not come up to the rule heretofore laid down by this court in several particulars; there is no proper showing of due diligence in attempting to procure the presence of the witness, nor does it appear that the witness is absent without the consent of the defendant. Motions for a continuance in criminal cases are

to be closely scanned, and all facts necessary to show a clear abuse of the discretion reposed in the trial courts in such matters must be presented, and wherever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling that denies the motion. *Ballard v. State,* 31 Fla. 266, text 282, 12 South. Rep. 865; *Shiver v. State,* 41 Fla. 630, 27 South. Rep. 36.

There was no error committed in permitting the father of the prosecuting witness to testify as to her age, over the objection that the family Bible is the best evidence. After stating on cross-examination that he had written the date of the birth in the Bible, but that he had not looked at it for ten years, he was asked by the court if he knew the date independently of such record, and answered that he did. This was primary evidence and admissible over the objection urged. *Reg. v. Nicholls,* 10 Cox Crim. Law Cas. 476; *Weed v. State,* 55 Ala. 13; *State v. Cain,* 9 West Va. 559; *People v. Slater,* 119 Cal. 620, 51 Pac. Rep. 957.

We can not consider the objections to the charges of the court, as no exceptions were taken at the time the charges were given, nor were the charges objected to embraced in the motion for a new trial. *McCoy v. State,* 40 Fla. 494, 24 South. Rep. 485. A supposed charge embraced in the motion does not appear to have been given.

The court charged that the presumption of innocence continued until overcome by the evidence beyond a reasonable doubt, and a mere omission to define the phrase "reasonable doubt" was not error. If the accused desired an instruction covering this, it was his duty to present the proper definition to the court and request that it be given. *Shiver v. State, supra.*

The evidence was sufficient to support the verdict, and the judgment is affirmed.