# Brown *v.* The State.

### *Carrying Concealed Weapons.*

(Decided Feb. 14th, 1907.  43 So. Rep. 101.)

*Concealed Weapons; Instructions; Fine.*—An instruction is not erroneous that asserts that if the jury find the defendant guilty it is their duty "to fix a fine of not less than $50.00 nor more than $500.00 as a punishment to defendant, and as will have the effect of deterring defendant, and others who hear about it, from committing a like offense."

APPEAL from Pike Law Court.
Heard before Hon. A. H. OWENS.

John Brown was convicted of the offense of carrying a pistol concealed about his person, and appeals. The facts on which the opinion is rested, sufficiently appear therein.

No counsel marked for appellant.

[Brown v. The State.]

ALEXANDER M. GARBER, Attorney General, for State. —The charge of the court is not improper.—§ 4420, Code 1896; *Shorter v. The State,* 63 Ala. 129.

SIMPSON, J.—The defendant in this case was convicted of the offense of carrying a pistol concealed about his person. The proceedings are regular, and the only exception is to that part of the oral charge of the court to the jury in words as follows, to-wit: "In this case, in considering what fine you will fix, in the event you find the defendant guilty, it is your duty to fix a fine of not less than $50, nor more than $500, as a punishment to the defendant, and as will have the effect of deterring defendant and others who may hear of it from committing a like offense." There was no error in the giving of said charge.—*Weed v. State,* 55 Ala. 13; *Shorter v. State,* 63 Ala. 129; *Brown v. State,* 109 Ala. 170, 20 South. 103.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.