[McGilvery v. The State.]

# McGilvery *v.* The State.

### *Shooting Into Train.*

(Decided June 19, 1913.   62 Ala. 982.)

1. *Shooting at Train; Indictment; Sufficiency.*—Under section 7675, Code 1907, the words, "of any railroad train" qualify the word "car," and an indictment under such section for shooting at a locomotive need not allege that the locomotive was attached to a train at the time.

2. *Same.*—An indictment alleging that defendant shot at a locomotive of a certain railroad is sufficient, although it did not specify whether the railroad was owned by a partnership, corporation or association, as the ownership is not an element of the offense; the description in the indictment being sufficient under sections 7134 and 7135, Code 1907.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Hugh McGilvery was convicted of maliciously shooting at a locomotive, and he appeals.   Affirmed.

W. L. LEE, and PACE & CHAPMAN, for appellant.   The indictment did not specify to whom the railroad belonged, nor did it allege that the locomotive fired into was a part of a railroad train, as required by the statute, and it was therefore, insufficient.—Sec. 7675, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The indictment charges the offense in the terms of the statute and is not subject to demurrer.—Code Sections 7675, 7134 and 7135; *Block v. State,* 66 Ala. 490; *Cook v. State,* 83 Ala. 62, 64; *Myers v. State,* 84 Ala. 11.

WALKER, P. J.—The indictment charged that the defendant "did wantonly or maliciously shoot at or into

a locomotive of the Central of Georgia Railroad, in or on which at the time there was a human being." The demurrer to it suggested its insufficiency to charge the offense denounced by the statute (Code, § 7675) in that it failed to show that the locomotive, when it was shot into, formed a part of a railroad train. We are not of opinion that that statute, denouncing the wanton or malicious shooting "at or into any locomotive or car of any railroad train, in or on which there is any human being," makes it a condition of the commission of the offense with reference to a locomotive that such locomotive be attached to or connected with a train at the time it is shot into. There was some necessity or propriety for the use of qualifying words of expressions to designate the kind of cars intended to be brought within the protection of the statute, as the word "car" may be used to describe a vehicle having no connection with a railroad. The word "locomotive," on the other hand, standing by itself designates an engine which is designed and adapted to travel on a railroad.—*Birmingham Railway, L. & P. Co. v. Ozburn,* 4 Ala. App. 399, 56 South. 599. We think it may fairly be inferred from the connection in which the words "of any railroad train" are used in the statute that they were intended to qualify the word "car," which they immediately follow, and not the word "locomotive;" and that the statute was intended to apply to one who wantonly or maliciously shoots at or into any locomotive, in or on which there is any human being, whether or not at the time a train of cars is attached to it.

Another objection raised by the demurrer to the indictment is that it failed to show that the Central of Georgia Railroad was a corporation, a partnership, or an association of individuals. The ownership of the locomotive was not an element of the offense charged.

The indictment sufficiently identified it "to enable a person of common understanding to know what was intended." This was enough so far as the description of the vehicle alleged to have been shot at or into was concerned.—*Block v. State*, 66 Ala. 493; Code, §§ 7134, 7135.

We are not of opinion that the indictment was subject to demurrer on either of the grounds assigned.

The record presents no other question for review.

Affirmed.