## HAWKINS *vs.* THE STATE.

*On a point reserved by the Limestone Circuit Court.*

A man who is indicted for *horse-stealing*, cannot legally plead, in de-
fence of the charge, that the crime was committed, if at all, prior to a
conviction against him, for *negro-stealing*, for which he had received a
pardon.

Neither a conviction nor pardon for a particular offence can, in this state,
operate as a discharge of any other distinct offence.

This was a question reserved by the court below, for the
determination of this court, arising on the trial of Hawkins
for horse-stealing. The prisoner pleaded, that subsequent
to the commission of the offence with which he was charged,
if committed at all, he had been convicted for negro-stealing,
and that he had been pardoned by the Governor, for this last
mentioned offence. To this plea there was a demurrer;
which was sustained by the court. Upon the plea of not guil-
ty the prisoner was then tried and convicted. The question
reserved for the determination of this court is whether or not
the court erred in the decision given on the demurrer.

MARTIN, for the State.

The conviction and pardon of one felony does not merge
all other felonies. The person pardoned is still liable to be
tried and convicted, and punished, for any felony which has
not been pardoned. The law in England was once different.
The old doctrine of the conviction and pardon of one felony,
merging all others previously committed, was founded on the
ground of corruption of blood. The party having forfeited
all his goods and chattels, by the first conviction, was liable

to the same punishment but once. The doctrine of corruption of blood has no existence with us, and the reason having ceased, the law must cease with it. See *Blackstone's Commentaries* 336, 337, 375. See also *Aikin's Digest* 201.

The party here was first convicted for negro-stealing, and pardoned by the Governor; he was afterwards convicted for horse-stealing. From this conviction the Governor's pardon for a former offence cannot save him.

By Mr. Chief Justice Saffold :

Hawkins, the prisoner, was, at a recent term of the circuit court of Limestone county, convicted of the crime of *horse stealing*.

He pleaded in bar 'of this indictment, that at a previous term of the said court, he had been convicted of the crime of *negro-stealing;* that for this last mentioned offence, he had been pardoned by the Governor of the State ; and that the offence for which he, the prisoner, then stood indicted, was committed, if at all, prior to the said former conviction. To this plea, the solicitor demurred—the court sustained the demurrer, after which, on an issue to the country, the prisoner was found guilty, and the judgment of the court was pronounced against him.

But the court reserved, as novel and difficult, the question, whether or not, there was error in sustaining the demurrer.

It is contended for the prisoner, that the offence for which he was last convicted, *merged* in the prior felony, and that the pardon for one operated as a discharge from both.

If there be any thing in' the common law, to countenance this defence, it must rest upon the principle of *attainder* and *corruption of blood,* and the consequent *forfeitures,* resulting from convictions under that law. These principles require no discussion on the present occasion, as they can have no application with us ; the constitution having provided against any attainder of treason or felony ; and declared that " no attainder shall work corruption of blood nor forfeiture of estate.

A similar question occurred in South Carolina, as early as 1795,—*The State vs. McCarty*.[a] There the prisoner having been convicted of *horse-stealing*, a motion was made in arrest of judgment, on the ground that he had been convicted of a different offence subsequently committed, and had received a pardon for the same, which it was contended operated as a pardon for that also. After full argument on the question and deliberate consideration by that court, the judges were unanimous in the opinion, that the special pardon for the offence for which the previous conviction had taken place, did not operate as a bar to the prosecution, for the one then charged, or *any other not particularly mentioned in the pardon*.

On principle and authority, we feel quite clear, that neither a conviction nor pardon, for a particular offence, can in this state, operate as a bar or discharge of any other distinct offence. The judgment of the court must be affirmed.