THE STATE OF ALABAMA VS STANDIFER, et al.

*Concerning the plea of* autre fois acquit.

1. On an indictment, where a jury can convict a defendant of a lesser offence,—there, an acquittal for the major crime, is a bar to a subsequent indictment for the minor offence.
2. As if one be indicted for murder, and acquitted, he could not be again indicted for manslaughter.
3. So, where one is indicted on a charge of burglary, he can not be again tried for larceny.
4. The same individual, may however, at the same time, and in the same transaction, commit two or more, distinct crimes, and an acquittal of one, will not be a bar to punishment for the other.
5. Thus, to an indictment for assult ·on J. L. with intent to murder,—it cannot be plead, in bar, that defendants had previously been acquitted on an indictment for the murder of L. L.—the transactions inducing the indictments being averred to have been identical.

Indictment for assault, with intent to murder.

The indictment was prefered and found in the Circuit Court of St. Clair county, at September term, eighteen hundred and thirty-five, against William H. Standifer, Israel Standifer, sen. James Standifer, Jesse Standifer, Samuel Standifer, Franklin Standifer, and Israel Standifer, jun'r. and charged the commission of the offence on the body of John W. F. Lowry.

The venue was changed to Benton county, where

the defendants appeared, and for a plea, said, that the State of Alabama ought not further to prosecute the said indictment against them, because they said, that "Heretofore, to wit, at the September term of the said Circuit Court, at a Court, held at the Court house, in the town of Ashville, in St. Clair county, aforesaid, and on the second day of said term, it being the twenty-ninth day of September, in the year one thousand eight hundred and thirty-five, the grand jury, impanneled, sworn and charged for the said county of St. Clair, to wit, James J. Bothwell, &c. by their foreman, James J. Bothwell, he having been duly qualified, as such, returned into Court, the following bill of indictment, to wit:

"The State of Alabama, St. Clair county: The grand jurors for the State, upon their oaths present,—William H. Standifer, Israel Standifer, sen. James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun. late of said county, on the fifteenth day of July, one thousand eight hundred and thirty-five, in the county aforesaid, in and upon the body of Levi A. R. Lowry, feloniously and wilfully and of their malice aforethought, did make an assault, and that the said William H. Standifer, Israel Standifer, sen'r, James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer and Israel Standifer, jun'r. in their hands, then and there, had and held, then and there, feloniously and wilfully, and of their malice aforethought, did discharge, and shoot off, to, against, and upon, the said Levi A. R. Lowry, and which the said William H. Standifer, Israel Standifer,

sen'r. James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun'r, with the leaden bullet aforesaid, out of the gun aforesaid, then and there, by the force of the gunpowder, aforesaid, by the said William H. Standifer, Israel Standifer, sen'r, James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun'r, discharged and shot off as aforesaid, then and there, feloniously, wilfully and of their malice aforethought, did strike, penetrate and wound the said Levi A. R. Lowry, then and there, with the leaden bullets aforesaid, so as aforesaid discharged and shot out of the gun aforesaid, by the said William H. Standifer, Israel Standifer, sen'r, James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun'r, and upon the left hip bone of the body of him, the said Levi A. R. Lowry, one mortal wound of the depth of four inches, and of the breadth of one inch, did make, of which said mortal wound, he, the said Levi A. R. Lowry, on and from the fifteenth day of July, aforesaid, until the sixteenth day of July, of the same year, in the county aforesaid, did suffer and languish, and languishing, did live, on which sixteenth day of July, aforesaid, in the county aforesaid, he, the said Levi A. R. Lowry, of the mortal wound, aforesaid, died; and so the jurors, aforesaid, upon their oaths aforesaid, do say, that the said William H. Standifer, Israel Standifer, sen'r. James Standifer, Jesse Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun'r, him, the said Levi A. R. Lowry, in the manner and by the means aforesaid, did feloniously and

wilfully, and of their malice aforethought did kill and murder, contrary to the statute, in such case made and provided, against the peace and dignity of the State of Alabama, &c.

"And afterwards, the grand jurors aforesaid, brought into said Court, the said bill of indictment, with the following indorsement made thereon, to wit: "A true bill, James J. Bothwell, foreman of the grand jury," &c.

"And afterwards, defendants being brought to the bar, and arraigned, severally, pleaded not guilty, and put themselves upon the country, and the Friday next succeeding the arraignment, was appointed for the trial of the cause, and a copy of the bill of indictment, and a list of thirty-six jurors, were served upon defendants, and defendants were remanded, &c.

"And afterwards, on the Friday aforesaid, one of the defendants, to wit, Jesse Standifer, made oath, that one Lowry, the father of Levi A. R. Lowry, mentioned in the bill of indictment, John Lowry, brother of the said Levi A. R. Lowry, Charles Price, brother-in-law of said John and one Thomson, all present at the Court, had, except the father of the deceased, from the time of the commission of the homicide in the indictment, mentioned, up to that time, been, and were, as affiant had been credibly informed and verily believed, engaged actively, among the people of the county, circulating reports, concerning the crime alleged, against defendants, much aggravated, and to the prejudice of defendants; that he was informed and believed that said Lowry, the father of the deceased, had, since the

jury in this case had been summoned, held communications with some of the jurors, which were well calculated, and doubtless, intended to bias said jury in favor of the prosecution: that by these and other means, affiant believed such a prejudice had been produced on the minds of the citizens of St. Clair county, that a fair and impartial trial could not be had: wherefore, he prayed that the venue be changed, to some other county, free from like exceptions, &c.

"And thereupon it was ordered that the venue be changed to Jackson county, the nearest adjoining county, free from the exceptions, and that the clerk transmit the papers, &c. to Jackson county, which was done.

"And thereupon, at the October term, one thousand eight hundred and thirty-five, of the Court at Jackson county, came the parties, and a jury of good and lawful men of said county, and defendant Jesse Standifer, moved the Court, that the said jury retire and consider of his guilt or innocence, which was done; and the jury, on their oaths, said they found said Jesse Standifer not guilty,—and afterwards the jury again retired, to consider of their verdict in regard to the other defendants, and, upon their oaths, said they found the other defendants not guilty, as charged in the said bill of indictment. It was, therefore, considered by the Court, that the defendants, Jesse Standifer, William H. Standifer, Israel Standifer, sen., James Standifer, Lemuel Standifer, Franklin Standifer, and Israel Standifer, jun., be hence fully acquitted

and discharged from the prosecution, as by the record thereof will more fully and at large appear—which said judgment still remained in full force and effect, and not in the least reversed or made void. And the said defendants, in fact, said, that they, William H. Standifer, &c., and the said William H. Standifer, &c. so indicted and acquitted, as last aforesaid, are one and the same persons and not other and different persons; and that the assault and murder of which they, the said William H. Standifer, &c. were so indicted and acquitted, as aforesaid, and the assault with the intent to commit murder, of which they are now indicted, are one and the same assault, and committed at the same time, that the killing took place, under the same prosecution, and not other and different assaults, for other and different prosecutions; but that it was one transaction, committed at one and the same time—and this, the said defendants are ready to verify:—wherefore, they pray judgment, and that by the Court here, they may be dismissed and discharged from the said prosecution, in the present indictment specified," &c.

To which plea, as above pleaded, there was a general demurrer and joinder in demurrer, and the said demurrer being heard and overruled, a jury of good and lawful men came, who, upon their oaths, said they found the defendant, Jesse Standifer, not guilty, in manner and form as charged; and it was therefore considered by the Court, that the defendant, Jesse Standifer, stand acquitted of this prosecution.—And then the said jury, further, upon their

oaths, said, they found Lemuel Standifer, Franklin Standifer, James Standifer, and Israel Standifer, junior, not guilty, as charged in the bill; and William H. Standifer, and Israel Standifer, senior, not guilty of an assault and battery with an intent to murder; but guilty of an assault and battery, and assessed their fines, to wit: that William Standifer pay a fine of two hundred dollars, and Israel Standifer, senior, pay a fine of one hundred dollars.— It was, therefore, further considered by the Court, that Lemuel Standifer, Franklin Standifer, James Standifer, and Israel Standifer, junior, go thence without day, and that William H. Standifer and Israel Standifer, senior, remain in custody, &c. until the fines aforesaid, and the costs be paid, &c.

And then the defendants, William H. Standifer and Israel Standifer, senior, came and moved the Court to certify to the next term of the Supreme Court, for their revision, the matters of law arising upon their plea of a former trial and acquittal.— Whereupon the said plea and demurrer thereto, are, in the opinion of the Court, both novel and difficult: It is ordered that the questions of law be reserved for the revision of the said Supreme Court, and that the record and proceedings in the cause be transmitted to the next term of the Supreme Court, &c.

And the defendants now came and said—

1. The Circuit Court erred in sustaining the demurrer to the defendant's pleas of former acquittal.

2. The Court erred in deciding that said plea was not a bar to the prosecution.

5 P.        67

3. Said Court erred in rendering judgment against the defendants.

. *Chilton*, for the defendants.

*Attorney General,* contra.—Cited, 2 Hale, 519, and notes; Archbold's C. P. 88; 2 Russ. on C. 38, 41; 4 Black. C. 336; 2 Hale, 246; 2 East. C. L. 519; 12 Pick. R. 496.

GOLDTHWAITE, J.—The defendants were indicted at the Fall term of the year eighteen hundred and thirty-five, of the Circuit Court of St. Clair county, for an assault and battery, with intent to commit murder, on one John W. F. Lowry. The venue was changed to Benton county,— and at May term, one thousand eight hundred and thirty-six, the defendants pleaded in bar of the said indictment,—that they had before that time been indicted, tried and acquitted, of the *murder of Levi A. Lowry,* setting forth in their plea, the indictment, proceedings thereon, trial and acquittal, averring their identity, and that the assault and murder, with which they were so charged, tried and acquitted, were identical with the crime wherewith they were then charged, which was committed at the same time, and in the same transaction, in which the killing of the said Levi A. Lowry, took place; and concluding with the prayer that they might be discharged of the indictment.

To this plea, the State demurred, and the demurrer was sustained by the Circuit Court, which reserved the questions of law arising on the plea

and demurrer, as novel and difficult, for the consideration of this Court.

A trial was had on the plea of not guilty, which resulted in the conviction of the defendants, of the assault and battery, without the intent, &c.

No argument has been submitted by the defendants to sustain their plea, and we have arrived, without difficulty, at the conclusion, that the demurrer was properly sustained.

It is not of unfrequent occurrence, that the same individual, at the same time, and in the same transaction, commits two or more distinct crimes, and an acquittal of one, will not be a bar to punishment for the other.

As in the case presented by the demurrer to the plea, now under consideration, one person may be killed and another assaulted in the same affray. If the indictment included both offences, it must be pronounced bad; yet it could not be tolerated, that the offender, because acquitted of killing, must necessarily be discharged of the assault.

Cases exist in which a minor offence may be discharged by the acquittal of the individual charged, on an indictment for a major offence; but these are cases in which the jury, trying the case, could have lawfully returned a verdict for the lesser crime.— Thus an acquittal for murder, would be a bar to an indictment for manslaughter. So of a burglary, when the same indictment included a charge of larceny—an acquittal would be a complete discharge. But the reason, in such cases is, that the jury could, if the evidence was satisfactory, have convicted the offender of the less criminal charge.

In the present case, no question can possibly arise as to the law. The offences have no appearance of identity: they could not be included in the same indictment; and and the *evidence, which* would produce an acquittal of the one, might produce a conviction of the other.

If it were necessary to produce authorities, on a subject so evidently clear, those referred to by the counsel for the State, are apt and conclusive.

The judgment rendered by the Court below, was correct in point of law, and must be so certified.