# Baysinger *v.* The State.

*Indictment for Obtaining Money by False Pretenses.*

1. *Former acquittal, or conviction; certainty requisite in plea.*—A plea of former acquittal, or former conviction, which are among favored pleas, requires only certainty to a common intent in its averments; but it must show the essential identities of person and offense, if not by averment in express terms, at least by the averment of facts which show such identity with reasonable certainty.

2. *Same; forgery of order for money, or uttering forged order as true, and obtaining money by false pretenses on such order.*—An indictment for the forgery of a written order for money, and for uttering such order as true knowing it to be forged, and an indictment for obtaining money on such order by falsely pretending that it was written by the person whose signature to it was forged, on their face charge separate and distinct offenses; and a plea of former conviction under the first, setting out the indictment and the verdict of the jury, and averring that the offense charged in the second " is based upon, and is of the same transaction as

[Baysinger v. The State.]

alleged in the first indictment," without more, does not show the identity of the two charges as one offense.

3. *Same ; must be specially pleaded.*—A former conviction must be specially pleaded, and can not be given in evidence under the plea of not guilty.

FROM the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

The indictment in this case charged, in the first count, that the defendant, Thomas Baysinger, " with intent to defraud, did falsely pretend to *M. F. Pope* that G. W. McGowen had signed an order, which the said defendant presented to said Pope, and by means of such false pretense obtained from said Pope four and 50 100 dollars ;" and in the second count, in the same words, that the pretense was made to *J. F. Pope*, and the money obtained from him. The defendant filed a special plea of former conviction, at the same term of the court, under an indictment which charged· the defendant with the forgery of an order on said McGowen for $4.50, and with uttering said order as true knowing it to be forged. The plea was in these words : " Defendant says, that the State of Alabama ought not further to prosecute said indictment against him, because he says that, heretofore, to-wit, at the Circuit Court of said county, Spring term, 1885, the grand jurors, upon their oaths, in an indictment found by them, presented that Thomas Baysinger *falsely, and with the intent to defraud or injure, did forge an order purporting to be the act of one G. W. McGowen,*" &c., thus setting out the former indictment in full, including the signature of the solicitor ; " and that heretofore, to-wit, at the Circuit Court of said county, Spring term, 1885, present the Hon. *L. F. Box,* judge, said defendant was arraigned, and tried before a jury of twelve men, who, after hearing the evidence and the charge of the court, returned their verdict in these words : ' We, the jury, find the defendant guilty as charged in the second count.' And the defendant saith, *that he is now charged in this present indictment with the intent to defraud, did falsely pretend to M. F. Pope,*" &c., thus setting out the indictment in full ; " which offense, defendant alleges, is based upon, and is of the same transaction as alleged in the first indictment aforesaid ; all of which defendant is ready to verify." The court sustained a demurrer to this plea, and the trial was had on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, the State introduced one Pope as a witness, who was a clerk in the store of McGowen & Pope, and who testified that the defendant, in May, 1885, presented to him an order for " $450 cents," which purported to be signed by *G. W. McGowe,* and which was produced (see a copy, *infra,* p. 63); that defendant said the order

was written by G. W. McGowen, and that said McGowen owed him that sum; and that he gave the defendant the money on the order. The defendant objected to the testimony of this witness, and also to the admission of the order as evidence, on account of a variance in the name signed to it; and he reserved exceptions to the overruling of his objections. The State introduced evidence, also, tending to show that said McGowen did not write or sign said order, and did not owe the defendant anything. "The defendant asked permission of the court to offer evidence going to show that, upon the same evidence offered in this case, he had been convicted of forgery in the first degree;" and he duly excepted to the refusal of the court to admit this evidence. The defendant asked the court to instruct the jury, that they must acquit him, if they believed the evidence; and he excepted to the refusal of this charge.

W. S. CARY, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The pleas of *autrefois acquit* and *autrefois convict*, being founded on the common-law maxim, that no man shall twice be put in jeopardy for the same offense—a principle enlarged and enforced in the Federal and State constitutions—are classed among favored pleas. It has been said, the lowest degree of certainty will suffice—certainty to a common intent. The averments of the plea must be such as show that the defendant is entitled to the protection invoked. The plea must aver identity of persons, and identity of offenses; not necessarily in express terms, but at least facts showing with sufficient certainty the essential identities. The identity of the defendant with the person who was formerly acquitted, or convicted, cannot be a matter of inference.—*Henry v. State*, 33 Ala. 389.

The record of the former conviction set forth in the plea shows, that the first and second indictments charge apparently separate and distinct offenses. In such case, an averment in terms of the identity of the offenses may be sufficient; but, if the defendant, in the absence of such averment, would avail himself of the defense of former conviction, the plea must contain allegations showing that the act charged in each indictment constitutes an integral offense, and is the same act. Setting forth the record of the former conviction is not itself sufficient. A general averment, that the offenses are based on, and are of the same transaction, is not tantamount to an allegation of their identity in fact and in law.

Evidence of a former conviction is not admissible under the

[Baysinger v. The State.]

plea of not guilty.    There is no error in the rulings of the court on the exclusion of evidence, or in the refusals to charge as requested by the defendant.

Affirmed.