# Macon v. The State.

## *Murder.*

(Decided December 5, 1912.   60 South. 312.)

1. *Homicide; Evidence; Motive.*—In support of the state's theory that robbery was the motive, evidence that decedent's pockets were emptied when found, and that a dime was found on the ground, a foot or two from decedent's body, and that defendant and decedent were playing cards for money at a party from which decedent was returning home when killed where decedent had won $2.50 from defendant was properly admitted.

[Macon v. The State.]

2. *Same.*—Where the prosecution was for a homicide committed about 1 a. m., while decedent was going home from a party which he and defendant had attended, it was competent to show that·a witness saw defendant as he passed witnesses' house about day-light the morning after the murder at which time defendant said he was walking about and had been up all night raising sand.

3. *Evidence; Opinion Evidence.*—A witness could properly testify that a wound on a person's head "seemed to have been made with a blunt instrument."

4. *Same; Hearsay.*—Evidence as to what one, not a party or wit-ness, said as he approached the place where a decedent's body was, was hearsay and properly excluded.

5. *Same; Statement of Accused; Voluntary.*—Where a statement made by defendant was not a confession, it was not necessary that preliminary proof of its voluntary character should be made in order to render it admissible.

,APPEAL from Tallapoosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Will Macon was convicted of murder in the first degree and he appeals.    Affirmed.

J. WILSON NOLAN, and JAMES W. STROTHER, for ap-pellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   Counsel discuss errors assigned as to the admission and rejec-tion of evidence, but without citation of authority, ex-cept as to the admission of a statement by defendant which they insist was not in the nature of a confession, and therefore, did not require preliminary proof of its voluntary character.—*Washington v. State,* 58 Ala. 61; *Hornsby v. State,* 94 Ala. 55; *Bush v. State,* 136 Ala. 85.

SOMERVILLE, J.—The defendant was convicted of murder in the first degree.   The victim was murdered at about 1 o'clock a. m., on his way home from a social gathering, where he and defendant had been together, and when last seen alive he was with defendant.   There was no eyewitness to the murder, and, with the excep-

tion of an incriminating admission by defendant, the evidence was entirely circumstantial.

The theory of the prosecution was that robbery was the motive of the murder, and in support of that theory the state was allowed to prove that, when the murdered man was found on the sidewalk, his pockets were examined and found to be empty, and that a silver dime was found on the ground a foot or two from his body; that defendant and deceased were playing cards for money at the house where the party were gathered; and that deceased then and there won $2.50 from defendant. All of this evidence was clearly relevant, and the objections thereto were properly overruled.

There was no error in allowing a state's witness to testify that the wound on the head of deceased "seemed to have been made with a blunt instrument."—*Fuller v. State,* 117 Ala. 39, 23 South. 688; *Perry v. State,* 87 Ala. 30, 6 South. 425.

There was no valid objection to the testimony of another state's witness that he saw defendant, as he passed witness' house about daylight on the morning after the murder, and that in response to his inquiry defendant said that he "was walking about, and that he had been up all night raising sand."

"Chippy" Brown was neither a party nor a witness in the case, and what he said as he approached the place where the body of deceased lay was properly excluded as mere hearsay.

The inculpatory statement made by defendant to several of the state's witnesses was not in the nature of a confession, and preliminary proof of its voluntary character was not necessary.—*McGehee v. State,* 171 Ala. 19, 55 South. 159. However, we think the predicate for its introduction was entirely sufficient. Moreover, the objections were general, and did not call the

court's attention to any supposed insufficiency of the predicate.

There was evidence tending to show that defendant committed the crime charged against him, and the issue was properly submitted to the jury. We find no error in the record, and the judgment will be affirmed.

Affirmed. All the justices concur.