(78 South. 467)

WHITEHEAD v. STATE. (6 Div. 335.)

(Court of Appeals of Alabama. April 2, 1918.)

1. LARCENY ⊜⇒22 — BRINGING INTO STATE PROPERTY STOLEN ELSEWHERE — ELEMENTS OF OFFENSE.

Under Code 1907, § 7328, making it an offense to bring into the state property which the accused knows has been stolen elsewhere, accused is guilty if he actually steals the property in another state and brings it into the state.

2. LARCENY ⊜⇒39—INDICTMENT—FORM—SUFFICIENCY.

Since Code 1907, § 7161, form 25, for charging the offense of bringing into the state property stolen elsewhere, was made applicable to the offense denounced by section 7328 of bringing property into the state knowing it to have been stolen elsewhere, an indictment in such form was sufficient to cover any offense denounced by the statute.

3. CRIMINAL LAW ⊜⇒293 — DEMURRER — EFFECT.

On demurrer to pleas of former jeopardy, all doubtful intendments arising from the averments of such pleas must be resolved against the pleader.

4. CRIMINAL LAW ⊜⇒202(2)—FORMER JEOPARDY—DIFFERENT OFFENSES.

A former prosecution for bringing a stolen automobile into the state is unavailable as a plea of former jeopardy, in a prosecution for bringing a different stolen automobile into the state, although in fact both the acts occurred in execution of a conspiracy to bring stolen automobiles into the state.

5. CRIMINAL LAW ⊜⇒517(4)— CONFESSIONS—PROOF OF CORPUS DELICTI—SUFFICIENCY.

Evidence held to establish the corpus delicti of bringing stolen property into the state so as to render admissible a confession.

6. CRIMINAL LAW ⊜⇒517(3)—CONFESSIONS—ADMISSIBILITY.

Confessions are prima facie involuntary, and it must be satisfactorily shown to the court that they are voluntary, and were made when the mind of the accused was free from the influence or hope or fear, before they can be received in evidence.

7. CRIMINAL LAW ⊜⇒406(3) — CONFESSIONS—ADMISSIBILITY.

The rule of exclusion of confessions not shown to be voluntary applies, not only to confessions, but to inculpatory admissions. directly relating to the facts or circumstances of the agreement and connecting defendant therewith.

8. CRIMINAL LAW ⊜⇒406(3)—CONFESSIONS—ADMISSIBILITY.

·Inculpatory admissions as to collateral facts, however incriminating. not in the nature of a confession, are not within the rule of exclusion, and are admissible without preliminary proof that they are voluntary.

9. CRIMINAL LAW ⊜⇒534(2), 537 — CONFESSIONS—DISCOVERY OF FACTS FROM INVOLUNTARY CONFESSION.

Where an involuntary confession or inculpatory admission in the nature thereof leads to the discovery of physical facts which establish the truth of the confession, so much of the confession as relates to the facts thus discovered is admissible, along with the proof of these facts.

10. CRIMINAL LAW ⊜⇒552(1) — EVIDENCE — CONSPIRACY—CIRCUMSTANTIAL EVIDENCE.

A conspiracy to engage in an unlawful undertaking or enterprise, like any other material fact, may be shown by circumstantial evidence.

11. CRIMINAL LAW ⊜⇒369(5) — BRINGING PROPERTY INTO STATE STOLEN ELSEWHERE—EVIDENCE OF CONSPIRACY.

In prosecution for bringing into the state an automobile stolen elsewhere, evidence of a conspiracy to engage in the business of bringing such automobiles into the state was admissible.

12. CRIMINAL LAW ⊜⇒372(5) — BRINGING STOLEN PROPERTY INTO STATE — OTHER OFFENSES—EVIDENCE—ADMISSIBILITY.

In prosecution for bringing into the state an automobile stolen elsewhere, it was permissible to show that defendant and his confederates stole other automobiles and brought them into the state, as giving character to defendant's acts.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Chester Whitehead was convicted of bringing stolen goods into the state, and he appeals. Reversed and remanded.

Allen, Bell & Sadler and E. N. Hamill, all of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and David W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. The count of the indictment to which the verdict of the jury responded follows the form laid down in the Code for indictments for the offense of "bringing stolen goods into this state," under section 7328 of the Code. ·Code, § 7161, form 25. This count charges that the defendant "feloniously took and carried away in the state of Illinois one automobile of the value of $750, the personal property of Frank Rose, and brought said automobile into the county of Jefferson, in this state, against the peace," etc. This form first appeared in the Code of 1886, as form 19 (section 4899), under the heading "Bringing Stolen Property into This State," for the offense denounced by section 3793 of that Code, which was in the following language:

"*Bringing Stolen Property into This State.*— Any person who brings into this state any personal property which he has stolen elsewhere, must, on conviction, be punished as if he had stolen it in this state."

This statute and the form prescribed for indictments thereunder were carried forward into the Code of 1896 without change, but in bringing the statute forward into the present Code, as section 7328, it was revised by the code commissioner so as to read as follows:

"*Bringing Stolen Property into This State.*— Any person who fraudulently brings into this state any personal property which he knew was stolen elsewhere, must, on conviction, be punished as if he had stolen it in this state. (Form 25 [20].)"

[1, 2] While it cannot be doubted that this revision effected a material change of the statute· in respect to the elements of the offense, and broadened its scope so as to embrace transactions not within the purview of the original statute, it cannot be doubted that one who steals property in another state and brings the stolen property into this state commits the offense denounced by the statute as amended, and that the averments of the indictment quoted above are tantamount to an averment that the defendant fraudu-

lently brought the property into this state knowing that it was stolen. Form 25, which is followed by the count of the indictment under consideration, was brought forward from the Code of 1896 into the present Code, under the following heading: "Bringing Stolen Property into This State.—Section 7328 (5053)." Code 1907, vol. 3, p. 664. The effect of bringing this form forward as applicable to this section of the Code as revised and adopted into the Code of 1907, under the ruling of the Supreme Court, "was a legislative recognition and declaration that the form was sufficient, under the amended statute." Bailey v. State, 99 Ala. 145, 13 South. 566; Coleman v. State, 150 Ala. 64, 43 South. 715; Thomas v. State, 156 Ala. 171, 47 South. 257; Noles v. State, 24 Ala. 672; Wilson v. State, 61 Ala. 151; McCullough v. State, 63 Ala. 75; Smith v. State, 63 Ala. 55; Jones v. State, 136 Ala. 123, 34 South. 236; First Mayf. Dig. p. 422, § 10. The indictment was sufficient to cover any offense denounced by the statute. Weed v. State, 55 Ala. 15, overruling Bryan's Case, 45 Ala. 86, declaring a different rule; Darrington v: State, 162 Ala. 60, 50 South. 396; Arrington v. State, 13 Ala. App. 359, 69 South. 385; Ex parte Arrington, 195 Ala. 694, 70 South. 1012.

[3, 4] The demurrers to the indictment were properly overruled. Resolving doubtful intendments arising from the averments in the pleas of former jeopardy against the pleader must be done on demurrer. It appears that the defendant was indicted in the former case, not for an unlawful conspiracy to steal property in another state and bring it into this state, but for fraudulently bringing into this state an automobile, the property of one McKinley, knowing that it was stolen in the state of Illinois. The indictment in the instant case is for a like offense committed with respect to the property of Frank Rose. It thus appears that the offense the subject of defendant's pleas was a different and distinct offense from the one here charged, and the demurrers to the pleas were well taken and were sustained without error. Johns v. State, 13 Ala. App. 283, 69 South. 259; Id., 195 Ala. 695, 70 South. 1013; Hawkins v. State, 1 Port. 475, 27 Am. Dec. 641; Gorden v. State, 71 Ala: 315; Foster v. State, 39 Ala. 229; Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496; Harrison v. State, 36 Ala. 248; Baysinger v. State, 77 Ala. 60; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; State v. Standifer, 5 Port. 523.

[5] Independent of the evidence showing that the defendant made a confession to the witnesses Groggin and Goldstein, the state offered evidence showing that Rose, the owner of the automobile, the stolen property alleged to have been fraudulently brought into this state from the state of Illinois, with the knowledge that it was stolen, placed his automobile in his garage, at 3816 Rokedy street, Chicago, Ill., on the evening of April 12, 1916, about 6 o'clock, and locked the garage;

that on going to his garage the next morning he found that the car had been taken out during the night, and that it was so taken out without his knowledge or consent; that he next saw the car two months later in Birmingham, where it had been sold to the witness Dr. Moore by L. A. Whitehead, a brother of the defendant, through one Hodges, his agent or accomplice; that the serial number on the motor had been changed. This evidence shows the theft of the car, and was sufficient to authorize the inference that it was fraudulently brought into this state by the thief or his accomplices, with a knowledge that it was stolen property, and was sufficient proof of the corpus delicti to authorize the admission of defendant's confession, if the confession was otherwise admissible. Daniels v. State, 12 Ala. App. 119, 68 South. 499; Matthews v. State, 55 Ala. 187; Ryan v. State, 100 Ala. 94, 14 South. 868.

[6] It is the settled rule in this state that:

"Confessions are prima facie involuntary, and it must be satisfactorily shown to the court that they are voluntary—were made when the mind of the accused was free from the influence of hope or fear—before they can be received in evidence. Any menace, or hope excited by encouragement that the prisoner would be more favorably dealt with if he confessed, is sufficient to exclude them." Banks v. State, 84 Ala. 431, 4 South. 382; Fortner v. State, 12 Ala. App. 180, 67 South. 720; Whatley v. State, 144 Ala. 75, 39 South. 1014; Pearce v. State, 14 Ala. App. 120, 72 South. 213.

[7] The rule of exclusion applies, not only to confessions, but to inculpatory admissions in the nature of confessions; that is, directly relating to the facts or circumstances of the crime, and connecting the defendant therewith. McGehee v. State, 171 Ala. 19, 55 South. 159; Watts v. State, 177 Ala. 24, 59 South. 270.

[8] On the other hand, inculpatory admissions as to collateral facts, however incriminating, not in the nature of a confession, are not within the rule of exclusion, and are admissible without preliminary proof that they are voluntary. Macon v. State, 179 Ala. 6, 60 South. 312; Read v. State, 195 Ala. 671, 71 South. 96; Love v. State, 124 Ala. 82, 27 South. 217. The reason upon which the rule excluding involuntary confessions as evidence rests is that they are coerced by the menace of punishment or the excitement of hope, and are presumptively fabricated for the purpose of obtaining benefit or escaping threatened punishment arising from the situation attending the accused. 1 Greenl. Ev. §§ 219–232.

[9] Where the reason of the rule is absent, the rule is not applicable. Hence we find this exception: Where an involuntary confession or inculpatory admission in the nature thereof leads to the discovery of physical facts which establish the truth of the confession, so much of the confession as relates to the facts thus discovered is admissible, along with the proof of these facts. Stated otherwise:

"Although confessions obtained by threats or promises are not evidence, yet if they are at-

tended by extraneous facts which show that they are true, and such facts go to prove the existence of the crime of which the defendant is suspected, they will be received as testimony; e. g., where the party thus confessing. points out or tells where the stolen property is; or when he states where the deceased was buried; or gives a clue to other evidence which proves the case. 1 Wharton, Am. Cr. Law, § 695; 1 Phill. Ev. 412; 1 Greenl. Ev. §§ 231, 232. It is not the entire confession, however, which may be received; it is only so much of it as relates strictly to the material facts discovered that may be given in evidence; for the facts have a reasonable tendency to confirm that part of the confession, and to exclude the idea of fabrication under undue influence." Murphy v. State, 63 Ala. 1; Spicer v. State, 69 Ala. 159; Brister v. State, 26 Ala. 107; Sampson v. State, 54 Ala. 241; Banks v. State, supra; Rowell v. State, 166 Ala. 44, 52 South. 310; Anderson v. State, 104 Ala. 83, 16 South. 108; Griggs v. State, 58 Ala. 430, 29 Am. Rep. 762; 1 Greenl. Ev. §§ 231, 232; note, 53 L. R. A. 403–407; 1 R. C. L. p. 589, § 132.

By an application of these principles, the rulings of the trial court in respect to the admission of the confessions made by the defendant to the witnesses Goldstein and Groggin may be justified, except. the statement of the witness Goldstein made in response to the solicitor's question: "What else did he say? Did he say who changed the numbers in that confession?" "He said he changed some of them, and his brother changed some of them"—and the statement of the witness Groggin in response to the question: "Did he or not tell you he drove Mr. Rose's car from Chicago to Birmingham, Ala.?" "He did"—and the further statement of Groggin: "He told me that he and his brother— in company with his brother, stole a car at the corner of Wabash avenue and Jackson boulevard, and they drove it to a garage, * * * and later on drove it to Birmingham." In Murphy's Case, cited above, it was said:

"It was competent to prove that the prisoner stated, or pointed out, the place where the goods might be found, and that the goods were at the place indicated by him. That is all of the confession, in such case that is competent; and it becomes so only from the fact that its truth is verified by the discovery of the goods. But, if the prisoner had stated. at the same time, that he had taken the goods from the burning house, and put them there, that would be incompetent; it being a part of an extorted, improper confession," not so verified. 63 Ala. 6, column 1.

[10] A conspiracy to engage in an unlawful undertaking or enterprise, like any other material fact, may be shown by circumstantial evidence. Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177; Newsom v. State, 15 Ala. App. 43, 72 South. 579.

[11] The testimony offered by the state, including so much of the defendant's confessions and inculpatory admissions as were admissible under the principles above stated, clearly tends to show a conspiracy between the defendant, his brother L. A. Whitehead, and others, to engage in the unlawful enterprise of collecting and dealing in stolen automobiles, and the statements of L. A. Whitehead, made to Dr. Moore with reference to the title of the automobile in question, were made in furtherance of this unlawful enterprise, and it was permissible to. show this against the defendant. Greenl. Ev. (16th Ed.) § 184A; People v. Trim, 39 Cal. 75; Underhill, Cr. Ev. § 454.

[12] It was also permissible to show that the defendant and his confederates stole automobiles other than the one in question, and brought them into the state, not only as evidence tending to show such conspiracy, but to give character to the act of the defendant with respect to the automobile in question. Underhill, Cr. Ev. § 454; Brown v. State, 15 Ala. App. 180, 72 South. 757; Howie v. State, 15 Ala. App. 185, 72 South. 759. "Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity of forming a correct opinion." Code 1907, § 3960. Under this rule, it has been repeatedly held that the owner of property who is familiar with it may testify as to its value without other qualification. Cooney v. Pullman Palace Car Co., 121 Ala. 368, 25 South. 712, 53 L. R. A. 690; Ala. Power Co. v. Keystone Lime Co., 191 Ala. 72, 67 South. 833, Ann. Cas. 1917C, 878, and authorities there cited.

The charges refused to the defendant were either invasive of the province of the jury, argumentative, or covered by the charges given at his request, and we find no error in their refusal.

We find no other errors in the record, but for the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.