BURKE, Judge.
Joseph Wayne Madden appeals the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged his 1983 convictions for three counts of first-degree receiving stolen property, a violation of § 13A-8-17, Ala. Code 1975, and his resulting concurrent sentences of 10 years' imprisonment; those sentences were suspended, and Madden was placed on five years' probation. Madden did not take a direct appeal from his convictions.
On or about March 17, 2017, Madden filed the instant petition, his sixth, in which he alleged that the circuit court lacked jurisdiction to render the judgments or to impose his sentences because (1) the crimes were committed in Mississippi and (2) his three convictions and concomitant sentences violated double-jeopardy principles because they all arose from the same offense.
On or about March 30, 2017, the State responded to Madden's petition. The State alleged that Madden's claims had been previously addressed in collateral proceedings and that his petition was due to be dismissed as successive under Rule 32.2(b), Ala. R. Crim. P. The State also argued that Madden's claim (1), as listed above, was meritless because Madden admitted at his guilty-plea proceedings that he was in possession of the vehicles in the State of Alabama, with the knowledge that the goods were stolen and that he did not have the intent to return the goods to the owner. The State also argued that Madden's claim (2), as listed above, was meritless because he was in possession of three stolen vehicles, taken from three victims.
On March 30, 2017, the circuit court summarily denied Madden's petition. The circuit court found that Madden's petition was due to be denied pursuant to Rule 32.2, Ala. R. Crim. P., because he raised the same claims that were contained in his first five Rule 32 petitions and that had already been adjudicated on the merits. The circuit court also ordered the Marion County Circuit Clerk "to neither accept, nor take any action on further post-conviction motions or petitions tendered by Joseph Wayne Madden unless and until" (1) Madden prepays the docketing fee at the time of filing, (2) Madden presents motions that have been filed by an attorney licensed to practice in the State of Alabama, and (3) Madden provides an affidavit executed by Madden and his attorney "certifying and subject to contempt for false swearing that the claim(s) being raised are novel cognizable jurisdiction claims and are not claims that [were] previously raised and adjudicated on the merits." (C. 112.)
On appeal, Madden reasserts the claims raised in his petition and argues that the circuit court abused its discretion by summarily denying his claims without holding an evidentiary hearing. Madden also claims that the circuit court abused its discretion by adopting the State's response. Lastly, Madden alleges that the circuit court abused its discretion by imposing sanctions against him in its order *890 denying his petition, which, he claims, constitute a denial of access to the courts.
A circuit court may summarily dismiss a petitioner's Rule 32 petition pursuant to Rule 32.7(d), Ala. R. Crim. P.,
"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
See also Hannon v. State, 861 So.2d 426, 427 (Ala. Crim. App. 2003) ; Cogman v. State, 852 So.2d 191, 193 (Ala. Crim. App. 2002) ; Tatum v. State, 607 So.2d 383, 384 (Ala. Crim. App. 1992). Because Madden's claims were precluded, or were without merit, summary disposition was appropriate.
To the extent that Madden alleges that the court lacked jurisdiction to accept his guilty-pleas because the offenses were committed in Mississippi, this claim is without merit. Madden argued in his petition and in his brief on appeal that, because the property was stolen in Mississippi and then brought back to Marion County, the offense was committed "wholly outside the State of Alabama." (Madden's brief, at 15.) Section 13A-8-16, Ala. Code 1975, provides that "[a] person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner." Madden concedes in his brief on appeal that, during his guilty-plea colloquy, he told the court that he brought the vehicles back from Mississippi to Marion County. Section 15-2-6, Ala. Code 1975, provides that "when an offense is committed partly in one county and partly in another, or the act or effects thereof constituting or requisite to the consummation of the offense occurs in two or more counties, venue is in either county." Therefore, because he "retained" the stolen property in Marion County, his claim is meritless.
Inasmuch as Madden reasserts his double-jeopardy claim, in which he argues that the court lacked jurisdiction to accept his guilty plea and to impose his sentences because he was found to be in possession of the stolen property at one location, this claim was also properly denied as successive under Rule 32.2(b), Ala. R. Crim. P. This claim has been raised and addressed by this Court on numerous occasions. This Court most recently stated in an unpublished memorandum affirming the dismissal of one of Madden's earlier petitions, Madden v. State, (No. CR-11-0801), 152 So.3d 460 (Ala. Crim. App. 2012) (table):[1]
"Even if Madden's claim is, in fact, jurisdictional, a duplicative jurisdictional claim can be precluded as successive under Rule 32.2(b), Ala. R. Crim. P., if the claim was previously raised and adjudicated on its merits. Ex parte Trawick, 972 So.2d 782, 784 (2007).
"Madden argued in his fourth Rule 32 petition that 'the [circuit] court was without jurisdiction because his three convictions and sentences for receiving stolen property were based on a single possession'; Madden, therefore, concluded that his double-jeopardy rights were violated.
*891 Madden v. State (CR-08-0255, August 14, 2009), 57 So.3d 204 (Ala. Crim. App. 2009) (table). In this Court's memorandum affirmance of the denial of Madden's fourth Rule 32 petition we held that
" 'Madden's double jeopardy rights were not violated by his three convictions and sentences for receiving stolen property. The record contains the three indictments which were the bases of his guilty-plea convictions. The record also contains the guilty plea proceedings. The indictments show that Madden was charged with receiving three different stolen vehicles, a 1978 Ford truck, a 1982 Freightliner truck, and a 1979 Ford-150 truck, each with a different named owner. (R. 88, 92, 98.) Madden testified as to the facts surrounding his acquisition of each of those vehicles during the guilty plea hearing. (R. 108-113.) These were three separate offenses. See Whitehead v. State, 16 Ala.App. 427, 78 So. 467 (1918) (where Whitehead had already been prosecuted for bringing a stolen vehicle into the state, being prosecuted for bringing another vehicle into the state does not violate double jeopardy, although they were both brought in pursuant to one conspiracy). Cf. Knight v. State, 675 So.2d 487, 497 (Ala. Crim. App. 1995) (where Knight stole different items from the same victim at the same time, he could not be convicted more than once).
" 'Because these offenses involved different victims and different property, Madden's double-jeopardy rights were not violated. Glass v. State, 14 So.3d 188 (Ala. Crim. App. 2008) (holding that convicting and sentencing Glass for multiple counts of reckless endangerment due to single car accident in which he struck a vehicle from behind did not violate double jeopardy as there were four victims). Gandy v. State, 42 Ala.App. 215, 217, 159 So.2d 71, 73 (Ala. App. 1963) (holding that offenses of robbery where Gandy "stuck up" a group of men on one occasion constituted "separate and distinct offenses as to each victim" and did not violate double jeopardy).'
"Thus, Madden's claim was previously addressed on its merits and decided adversely to him in his fourth Rule 32 petition. Accordingly, the circuit court did not abuse its discretion when it dismissed the same claim raised in his fifth Rule 32 petition as successive. See Rule 32.7(d), Ala. R. Crim. P."
Therefore, because this claim has repeatedly been addressed and decided adversely to him, and Madden has decided, yet again, to raise this claim in his sixth Rule 32 petition, the circuit court did not abuse its discretion when it dismissed the claim as successive.
Next, Madden contends that the trial court abused its discretion by adopting as its order the State's response because the State failed to attach affidavits or other records to support its allegations. As best we can determine, Madden's argument seems to be that, because the State merely asserted the preclusionary grounds found in Rule 32.2(b), Ala. R. Crim. P., without attaching affidavits and evidence to support the preclusions, the circuit court could not have denied his claim on those grounds. The Alabama Supreme Court has stated:
" Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State. Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992) ('''Where a simple reading of a petition for post-conviction relief shows that, assuming *892 every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'''). Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P."
Ex parte Ward, 46 So.3d 888, 897 (Ala. 2007). Madden relies on Ex parte Rice, 565 So.2d 606 (Ala. 1990), to support his contention. However, Madden's reliance is misplaced. Ex parte Rice does not stand for the proposition that the State is required to attach affidavits and additional evidence to support the grounds of preclusion it asserts. Instead, the Alabama Supreme Court in Ex parte Rice held that the State must plead the specific grounds of preclusion that it believes apply to the petitioner's case and that a general allegation that merely refers to the general rule, without indicating which ground of preclusion is alleged, does not satisfy the State's burden of pleading. Id. Therefore, Madden is not entitled to relief on this claim.
Lastly, Madden alleges that the sanctions imposed by the circuit court in its denial order denies him access to the courts. Specifically, Madden objects to the court's imposition of the following sanctions: 1) the court's instructions to the circuit court to not accept any further motions or petitions from Madden unless he prepays the docketing fee at the time of filing; 2) the court's instruction that any of Madden's future petitions or motions have to be filed by an attorney licensed to practice in the State of Alabama; and 3) the court's instruction requiring that the attorney and Madden certify that the claim(s) being raised are novel, cognizable jurisdiction claims and are not claims that were previously raised and adjudicated on the merits. Madden claims that he filed a motion to reconsider the denial of his Rule 32 petition, in which he raised the instant claim challenging the court's imposition of the sanctions and that the court returned the motion, thereby denying him his right to access to the courts under Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
The State questions whether Madden's argument is properly preserved for appellate review and whether Madden currently has standing to assert a claim that his right to access to the courts under Bounds has been violated. First, the State is correct that there is nothing in the record showing that this claim was raised before the circuit court and that an appellant cannot raise an issue on appeal that was not raised in the original Rule 32 petition. See Morrison v. State, 551 So.2d 435 (Ala. Crim. App. 1989). The State also correctly notes that exhibits attached to appellate briefs are not considered part of the record and cannot be considered by the Court on appeal. See, e.g., Morrow v. State, 928 So.2d 315, 321, n.5 (Ala. Crim. App. 2004). However, due to the nature of Madden's claim, the claim would have had to have been raised in a postjudgment motion, which it appears that Madden may have attempted to do. Thus, if Madden's contention is correct that the circuit court did not allow him to file his motion to reconsider the denial of his petition in which he raised this claim, this appeal is the first opportunity that Madden has had in which to raise the instant claim.
Next, the State argues that Madden lacks standing to raise this claim because, it says, he has failed to prove that he suffered an "actual injury" as required by Lewis v. Casey, 518 U.S. 343, 349-50, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), because the motion to reconsider was not made a part of the record. However, for the reasons stated above, we cannot say *893 definitively whether Madden suffered actual injury. The State also argues that Madden lacked standing to raise this argument because, under Christopher v. Harbury, 536 U.S. 403, 414-15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), an inmate claiming a denial of access to the courts must show that he or she has not only been shut out of the courts, but he or she must also show the existence of a nonfrivolous underlying claim. Although Madden's sixth petition contained only frivolous issues, the postjudgment motion that Madden claims was not accepted by the circuit court and that gives rise to the instant claim did contain a potentially meritorious issue-i.e.; that the sanctions imposed by the circuit court denied him access to the courts in violation of Bounds.
Assuming that Madden's claim is properly preserved and that he has standing to raise this issue, the circuit court ordered certain acceptable restrictions that may be placed on prisoners who bring frequent or repetitious claims; specifically that Madden would be required to prepay the docketing fee for future filings and that all future pleadings must be accompanied with an affidavit executed by Madden certifying and subject to contempt for false swearing that the claims being raised were novel cognizable jurisdictional claims that had not been previously raised or adjudicated on the merits. See Peoples v. State, 531 So.2d 323, 327 (Ala. Crim. App. 1988) (citing Procup v. Strickland, 792 F.2d 1069 1072-73 (11th Cir. 1986) ). However, as the State concedes in its brief on appeal, the circuit court's requirement that Madden must file any future petitions or motions only through an attorney and that the attorney must submit an affidavit stating that all claims were novel and nonfrivolous is not permissible under Procup. See Procup, 792 F.2d at 1071.
Based on the foregoing, the circuit court's denial of Madden's postconviction petition was proper. However, a remand is necessary for the circuit court to determine whether Madden attempted to timely file a motion to reconsider in which he challenged the sanctions imposed by the circuit court and whether the circuit court subsequently returned Madden's motion without allowing the motion to be filed. If the circuit court determines that Madden did timely attempt to file the motion to reconsider challenging the circuit court's restrictions on any future filings and that the motion was returned to Madden by the circuit court, the circuit court is hereby ordered to amend its denial order and to vacate the injunction requiring Madden to obtain an attorney to file his motions and to certify that his claims were novel and nonfrivolous. If, however, the circuit court determines that Madden did not attempt to timely file such a postjudgment motion, the circuit court shall indicate that in its return to this Court. This case is remanded to the circuit court with instructions to make the above-listed determinations and take any action necessary that is consistent with this opinion. Due return shall be made to this Court within 30 days from the date of this opinion.
AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Welch and Joiner, JJ., concur. Kellum, J., concurs in the result.

We note that an unpublished memorandum has no precedential value and is not to be cited as argument in briefs, except to establish the "application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar." See Rule 54(d), Ala. R. App. P.
* Note from the reporter of decisions: On December 8, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 5, 2018, that court denied rehearing, without opinion. On February 16, 2018, the Supreme Court denied certiorari review, without opinion (1170325).